State vs. Strado.

---

### No. 9702.

### The State of Louisiana vs. William A. Strado.

The issue by the trial judge of a bench warrant on the motion of the prosecuting attorney for the arrest and detention of a witness who had just testified before the jury on the charge of perjury, is not an act prohibited by the Statute, which forbids the judge "in his charge to the jury to state or repeat the testimony of any witness, or to give any opinion as to what facts have been proved or disproved," particularly when there is no allegation that he alluded to or commented upon the testimony of such witness.

APPEAL from the Criminal District Court for the Parish of Orleans. Roman, J.

---

M. J. Cunningham, Attorney General, and Lionel Adams, District Attorney, for the State, Appellee.

D. C. Moise for Defendant and Appellant.

---

The opinion of the Court was delivered by

Bermudez, C. J.· The accused appeals from a sentence of five years at hard labor, on a verdict of guilty of stabbing with intent to murder.

He complains that, during the trial, after a witness had testified in his favor and was about to leave the room, application was made of a *capias* directing his detention and granted.

No bill of exception was taken at the time of the occurrence; but the alleged grievance was made the ground for a motion for a new trial which was refused. To this overruling, a bill was reserved to which no testimony is attached and in which no recital of facts is set forth, though the motion for a new trial is annexed.

The court, however, declares that the detention of the witness was only proposed, but not acted upon.

It is claimed that sec.1963, R. S., was transgressed in its prohibitions. It reads:

"In his charge to the jury, the judge shall not state or repeat the testimony of any witness, nor shall he give any opinion to what facts have been proved or disproved."

This injunction has frequently been subjected to judicial scrutiny and in several instances as rigidly enforced; but no precedent has been referred to in which an act similar to that complained of, was pronounced as coming within the prohibition of the statute.

In the present case, there is no averment either in the motion for a new trial or in the bill of exception, or even in the brief for the defense that the trial judge expressed any opinion with reference to the testimony of the witness, or in his charge stated or repeated the same, or gave any opinion as to what facts had been proved or disproved.

It cannot be inferred in the least that, by not refusing the order moved for by the prosecuting attorney, the judge has indicated and implied unequivocally or otherwise in the hearing and presence of the jury, that the testimony was indeed wilfully and corruptly false and untrue.

It was the right and probably the duty of the trial judge, under the circumstances, to have issued the order for the caption and detention of a witness charged almost *flagrante delicto* with the offense of perjury.

He surely can no more be considered as having trenched on the facts in that circumstance than he can be for presiding over the trial of the accused at the bar.

Judgment affirmed.