## JAMES GOLDEN v. THE STATE of MISSISSIPPI.

CRIMINAL PROCEDURE.  *Palpable perjurer.  Arrest.*  Code 1892, § 1384.

> The statute, code 1892, § 1384, authorizing immediate commitments
> for perjury, is wholesome, and calculated to stop the commission
> of the crime, but arrests under it should, if possible, be made out
> of the presence and hearing of the jury.

FROM the circuit court of Tippah county.

HON. Z. M. STEPHENS, Judge.

The appellant was indicted and tried for rape.  During the trial, and after the state had closed its evidence without introducing her, Addie Nelson, the injured party was placed on the stand as a witness for the defense, and was, in the opinion of the judge, palpably guilty of perjury.  Thereupon the court exercised the power conferred by statute, and caused the woman to be taken into custody; and this was done in the presence and hearing of the jury.  The statute, from code 1892, is as follows:

"1384.  Whenever it shall appear to any court that a witness or party who has been sworn or examined in any case, matter or proceeding pending before the court, has testified in such manner as to induce a reasonable presumption that he has wilfully and corruptly testified falsely to some material point or matter, the court may immediately commit such party or witness, by an order of process for that purpose, to prison, or take bond or recognizance, with sureties, for his appearing and answering to an indictment for perjury."

The appellant was convicted, and appealed.

*John Y. Murray, Jr.*, for appellant.

The court erred in directing the sheriff to take charge of witness, Addie Nelson, and put her in jail to await the action of

the grand jury, on a charge of perjury.   Although § 1384 of the annotated code gives the court authority and perhaps enjoins action in the state of case provided for, yet it is not intended that the court shall, in the presence and hearing of the jury, commit such a witness to jail under this statute.   The right of a trial by jury is a constitutional one, and such a trial is meant as is by law contemplated.   In the realm of determining the weight of the evidence and the credibility of witnesses, the province of the jury is exclusive and supreme, and it is not enough to say that it was their duty to exercise their own judgment touching that province, uninfluenced by any charge of the court.   That is asking too much of juries unlearned in the law, and is too radical a departure from the principles of trial by jury to bo countenanced.

*Wiley N. Nash*, attorney-general, for the state.

The action of the court was expressly warranted by § 1384, code of 1892.   The statute seems to have been framed for such a case as this.   The language of the statute is:  " The court may immediately commit such party or witness, by order or process for that purpose, to prison, or take bond or recognizance for his appearing and answering to an indictment for perjury."

This witness, Addie Nelson, was evidently testifying falsely as to the act itself, and in her explanation she was committing perjury, and did commit new acts of perjury in the very presence of the court.   She had evidently been thoroughly manipulated, or she, of her own accord, concluded to swear before the court to that which she knew to be wilfully false.  ˙ If the statute under consideration cannot be applied promptly in a case like this, then the wholesome law is a dead letter.

WHITFIELD, J., delivered the opinion of the court.

The action of the circuit judge in ordering Addie Nelson into custody to await the action of the grand jury, as to a bill for

perjury, was eminently proper; but that order should have been executed in such wise as not to apprise the jury of the fact. Section 1384, code of 1892, is a most wholesome statute, intended to put a stop to the flagrant commission of perjury—a damning blot in the course of numerous trials—but not to prejudice the defendant on trial by having the suspected perjurer ordered into custody in the presence and hearing of the jury. It is very easy to order such witness into custody, and to do it "immediately," without the knowledge of the jury. The testimony in this case is exceedingly unsatisfactory, and, in view of this fact, this action of the court may well have weighed heavily with the jury against the defendant.

*For this error the judgment is reversed, and the cause remanded.*