STATE v. WILL SWINK.

(Filed 15 December, 1909.)

1. Spirituous Liquors—Judgment—Motion to Arrest—General Law—Result of Election—Judicial Notice—Indictment.

　　A motion in arrest of judgment after conviction by defendant of violating the State prohibition laws, ch. 71, Public Laws 1908, extra session, for that the bill failed to charge that the election provided for had been held and resulted in favor of prohibition,

will not be sustained. The courts take cognizance of an election of this general character, and also of the proclamation of the Governor which, under the provisions of the act, had the effect of determining the result of the election.

2. **Spirituous Liquors — Prohibition, State Law — Conviction — Punishment—Charter Provisions.**

In this case the defendant was convicted of violating the State prohibition law, and the punishment is not confined to that prescribed by the charter of the city of Asheville.

3. **Power of Court—Witnesses—Contempt—Summary—Punishment —Presence of Jury—Intimation of Opinion.**

While the trial judge may summarily punish for contempt committed in the presence of the court, it is error to order the defendant's witness in the case into custody for perjury while on the witness-stand. This is an invasion of the rights of the party who had offered the witnesses and an intimation of opinion prohibited by statute.

APPEAL by defendant from *Ward, J.,* April Term, 1909, of BUNCOMBE.

Indictment for selling spirituous liquors. The defendant was convicted, and appealed.

The facts are stated in the opinion of the Court.

*Attorney-General* and *George L. Jones* for the State.
*W. P. Brown* and *Jones & Williams* for defendant.

BROWN, J. 1. The motion in arrest of judgment, because the bill fails to charge that the election provided for by chapter 71, Public Laws 1908, had been held and resulted in favor of prohibition, cannot be sustained.

In support of his position the learned counsel for the defendant relies on *State v. Chambers,* 93 N. C., 600. We think, however, there is a distinction. In that case the statute provided for an election to be held in the town of Morganton. It was a local election, confined to a single town in the State. The election of 1908 was a general election, covering the entire State, and the entire State was to be governed by its result. No authority can be found which holds that an election of this general character need be alleged in the bill. In the text of Cyc., Vol. 16, p. 901, it is said: "Since judicial knowledge of official duties implies knowledge of the methods by which it is legally obtained, State courts judicially know the date of holding a general election or a special election provided for by a general law." And in Wigmore, sec. 2577, it is said: "All courts take notice, in one or another aspect, of facts concerning public elections." See, also, *Cokes v. State,* 55 Neb., 691; 76 N. W., 467. Moreover, the act of 1908 in express terms declares that

"the proclamation by the Governor shall have the effect to determine the result of said election." All authorities hold that the courts take judicial notice of the proclamations of the executive. 16 Cyc., 904; Wigmore, sec. 2577.

2. The position that the punishment is limited to a fine of $50 or imprisonment for thirty days, as provided in the charter of the city of Asheville, is untenable. The city charter has reference only to a sale of liquor without license. The defendant is not indicted for such a sale, but simply for the sale of liquor contrary to the State prohibition law. To limit the punishment for a violation of the law to a fine of $50 or imprisonment for thirty days would be in direct conflict with the provisions of the prohibition act, and the act declares that all laws in conflict with it are expressly repealed.

3. It appears from the record that, during the progress of the trial, in the presence of the jury, and while Forest Phillips was on the stand as a witness for defendant, "the demeanor of the said Forest Phillips was bad and almost contemptuous, and it appearing to the court that some proceedings ought to be taken against him on account of his testimony, as well as his manner and obstinacy, the court, at the conclusion of the testimony, directed the sheriff to take charge of him, and also directed the solicitor to take such steps as were necessary." Defendant excepted.

In this we think the able and just judge who presided inadvertently committed an error, which fairly entitles the defendant to another trial.

The right of a *nisi prius* judge to order a witness or anyone else into immediate custody for a contempt committed in the presence of the court in session is unquestioned. But the committing of a witness, in either a criminal or a civil action, into immediate custody for perjury in the presence of the jury is almost universally held to be an invasion of the rights of the party offering the witness, and an intimation of opinion upon the part of the judge, prohibited by the statute. *State v. Owenby,* 146 N. C., 677; *State v. Dick,* 60 N. C., 440; 21 Enc. Pldg. & Prac., 998 *et seq.; Burke v. State,* 66 Ga., 157; *Taylor v. State,* 42 S. W., 384; *Golden v. State,* 75 Miss., 130; *Brandon v. State,* 75 Miss., 904; *Kitner v. State,* 45 Ind., 177; *Davidson v. Herring,* 48 N. Y. Sup., and 28 N. Y. Appel. Div., 402.

The right to punish summarily a contempt committed in the immediate presence of the court is necessary to maintain its dignity, but the necessity does not exist always for immediate commitment for perjury.

If, in the judge's opinion, there is such necessity, injury to the

party offering the witness can be avoided by sending the jurors out and keeping the action of the court from them.

New trial.