MARTIN v. STATE.

Opinion delivered October 8, 1917.

TRIAL—IMPROPER CONDUCT OF COURT—ORDERING WITNESS TO JAIL FOR
COMMISSION OF CRIME.—Appellant was on trial for the illegal sale
of liquor; at the conclusion of the testimony of a certain witness,
the court, in the presence of the jury, ordered the witness into
custody for the violation of the law against giving away intoxi-
cating liquor, he having disclosed those facts in his testimony.
*Held*, the conduct of the court constituted prejudicial error in
the trial of appellant's case.

Appeal from Little River Circuit Court; *Jefferson T. Cowling*, Judge; reversed.

*Steel & Lake* and *James D. Head*, for appellants.

1. The court erred in ordering the witness, Camp-
bell, to be held in bond in the presence of the jury. 38
Cyc. 1316, 1320; 40 *Id.* 2603; 34 Ark. 257; 43 *Id.* 99; 46
*Id.* 141; 56 *Id.* 7; 58 *Id.* 478; 60 *Id.* 450.

The conduct of the judge in causing the arrest of the
witness was highly prejudicial. 42 S. W. 384; 36 S. W.
477.

*John D. Arbuckle*, Attorney General, and *T. W.
Campbell*, Assistant, for appellee.

1. The action of the court was proper and not preju-
dicial. Acts 1915, § 2, Act 30; 40 Cyc. 2603; 84 Ark. 81;
104 S. W. 693; 8 S. E. 342; 19 Am. & E. Ann. Cases 423;
24 N. Y. Supp. 200.

SMITH, J. Appellant was convicted for selling in-
toxicating liquors to one Tobe Taft, and at his trial
evidence was offered which was legally sufficient to sus-
tain the verdict. A witness named Campbell testified at
the trial that he was present when the incident occurred
which counsel for appellant says was the time and place
of the occurrence of the alleged sale. According to this
witness, no sale took place, but witness, at the request of
appellant, gave Taft's wife some whisky, the liquor being
poured from a quart bottle in which it was contained into
a pint bottle. The effect of this testimony being that,
instead of appellant having made a sale, the witness had
given away the liquor. When the witness, Tom Campbell,

had finished his testimony and was leaving the stand, the court in the presence and hearing of the jury ordered the sheriff to take charge of the witness and hold him to bail in the sum of five hundred dollars to answer the charge of giving away whiskey in Little River County, to which actions and remarks of the court the defendant at the time excepted, and asked that his exceptions be noted of record, which was accordingly done.

This action of the court was assigned as error.

There is no intimation that the witness was guilty of any contumacious or contemptuous conduct, nor is it contended that it was necessary to order the witness into custody in the presence of the jury in order to effect his arrest, or to prevent the possibility of his escape, and under this state of the record we think the action of the court was both erroneous and prejudicial. The necessary effect of the action of the court was to call to the attention of the jury, and in the most impressive manner, the fact that the witness had given testimony which in the opinion of the court made him a violator of the law. It could not have been shown, by way of impeachment upon his cross-examination, that he had been accused of a crime or indicted for its commission; yet the action of the court said to the jury that the witness was a violator of the law and in connection with the felony under investigation for the commission of which the witness was not upon trial. We cannot say what construction the jury may have placed upon this action of the court. It may have lessened—even though it did not wholly destroy—the faith of the jury in the credibility of the witness, and as no reason, in the orderly course of the administration of justice, appears for the peremptory order of the court, we must assume that the order of the court had a tendency to impair the credit of the witness.

In the note to the case of *State* v. *Swink,* 19 A. & E. Cases, 422, it is said that the general rule is that the commitment of a witness for perjury during the trial, and in the presence of the jury, is prejudicial error; although it has been held in some jurisdictions that this action, in

itself, is not sufficient cause for reversal. In Mississippi there is a statute which provides that, whenever it shall appear to any court that a witness has testified in such a manner as to induce a reasonable presumption that he has wilfully and corruptly testified falsely to some material point or matter, the court may, immediately, commit said witness by an order or process for that purpose, or to take bond or recognizance, with sureties, for his appearing and answering to an indictment for perjury. In reversing the action of a trial court in ordering the arrest of a witness pursuant to this statute, the Supreme Court of Mississippi said:

"The action of the circuit judge in ordering Addie Nelson into custody to await the action of the grand jury, as to a bill for perjury, was eminently proper; but that order should have been executed in such wise as not to apprise the jury of the fact. Section 1384, Code of 1892, is a most wholesome statute, intended to put a stop to the flagrant commission of perjury—a damning blot in the course of numerous trials—but not to prejudice the defendant on trial by having the suspected perjurer ordered into custody in the presence and hearing of the jury. It is very easy to order such witness into custody, and to do it 'immediately,' without the knowledge of the jury. The testimony in this case is exceedingly unsatisfactory, and, in view of this fact, this action of the court may well have weighed heavily with the jury against the defendant. For this error the judgment is reversed, and the cause remanded." *Golden* v. *State,* 75 Miss. 130.

This decision was reaffirmed in the case of *Brandon* v. *State,* on page 904 of the same report. See, also, 12 Cyc. and cases cited in the note at pages 541, 542.

The theory of the court, in ordering a reversal in the cases there cited, is that the verdict of the jury should be made up in every case from the testimony of the witnesses alone, uninfluenced by any act or opinion of the trial judge reflecting his estimate of the weight and credibility of any testimony.

And for the error stated, the judgment will be reversed and the cause remanded for a new trial.