CHARLES H. JONES *vs.* SELECTMEN OF WESTON.

Suffolk. March 9, 1921. — March 17, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, & JENNEY, JJ.

*Intoxicating Liquors. Non-intoxicating Beverages. Municipal Corporations.*

The main purpose of G. L. c. 138, is the prohibition of the sale of intoxicating liquors as a beverage.

The several sections of G. L. c. 138, are not so mutually dependent upon each other as to require the belief that they were intended to be an indivisible unit; and therefore the valid parts can be separately enforced and, thus enforced, will effectuate the main purpose of the General Court and of the Eighteenth Amendment to the Federal Constitution.

Although an affirmative vote upon the question, "Shall licenses be granted for the sale of certain non-intoxicating beverages in this town?" which question the selectmen of each town are required to submit to the voters by G. L. c. 138, § 11, by inserting it in the warrant for the annual town meeting, would not authorize any sale of the "non-intoxicating beverages" defined in G. L. c. 138, § 1, by reason of the prohibitions contained in the Eighteenth Amendment to the Federal Constitution and of 41 U. S. Sts. at Large, 305, known as the Volstead act, a writ of mandamus directing the selectmen not to insert such an article in the warrant will not be issued where it does not appear that it is contemplated that, in case of an affirmative vote, action purporting to authorize such a sale will be taken.

PETITION, filed in the Supreme Judicial Court on January 21, 1921, for a writ of mandamus directing the selectmen of the town

of Weston not to insert in the warrant for the annual town meeting an article providing for a vote upon the question "Shall licenses be granted for the sale of certain non-intoxicating beverages in this town?" and to issue the warrant without inserting such an article therein.

The petition was heard by *Carroll*, J., who found the facts to be as alleged in the petition and reported the case to the full court for determination.

*H. L. Boutwell*, for the petitioner.

*A. Lincoln*, by leave of court filed a brief on behalf of the Constitutional Liberty League as *amicus curiae*.

RUGG, C. J. This is a petition for a writ of mandamus to compel the selectmen of the town of Weston to ignore the obligation imposed by G. L. c. 138, § 11, to the effect that the selectmen of every town "shall insert in the warrant for the annual . . . town meeting an article providing for a vote upon the question, 'Shall licenses be granted for the sale of certain non-intoxicating beverages in this town?'" The petition is based on the theory that this and certain other sections of c. 138 are repugnant to the provisions of the Eighteenth Amendment to the Constitution of the United States and the national prohibition act, known as the Volstead act, and are therefore unconstitutional and void. This is the only point argued or presented for decision. .

By the enactment of c. 138, which took effect from and after the thirty-first day of December, 1920, a new code relating to intoxicating liquors came into existence, combining substantial parts of Initiative Act, St. 1920, c. 630, with parts of R. L. c. 100 and other subsequently enacted laws. "Certain non-intoxicating beverages" are defined by c. 138, § 1, as "all beverages containing not less than one half of one per cent and not more than two and three fourths per cent of alcohol by weight at sixty degrees Fahrenheit. Such beverages shall be deemed not to be intoxicating liquor." By § 2 it is enacted that "No person shall sell, or expose or keep for sale, spirituous or intoxicating liquor or certain non-intoxicating beverages, except as authorized by this chapter;" and by § 3, that "Any beverage containing more than two and three quarters per cent of alcohol by weight at sixty degrees Fahrenheit, and distilled spirits, shall be deemed to be intoxicating liquor within the meaning of this chapter." Other sections pur-

port to authorize the granting of licenses for the general sale of "certain non-intoxicating beverages" in those cities and towns which vote "Yes" on the question as set forth in § 11.

Those provisions of the chapter which purport to authorize the general sale of the so called "non-intoxicating beverages" are at least wholly inoperative, in view of the absolute prohibition of such general sale by Title II, §§ 1 and 3 of the Volstead act, being an Act of Congress of October 28, 1919, c. 85, 41 U. S. Sts. at Large, 305. Manifestly no law of this Commonwealth can authorize sales prohibited by the laws of the United States enacted pursuant to the Eighteenth Amendment. That had been finally decided on June 7, 1920, before the enactment of c. 138, by the *National Prohibition Cases,* 253 U. S. 350, and is no longer open to discussion. It is not necessary to decide whether such provisions are utterly void or merely suspended as to their operation so long as the sales thereby authorized are prohibited by act of Congress. See *Austin* v. *Caverly,* 10 Met. 332.

The main purpose of c. 138, like that of its statutory predecessor, R. L. c. 100, is the prohibition of the sale of intoxicating liquors as a beverage. That is apparent from § 2 already quoted. Numerous sections are directed to the practical enforcement of this prohibition. There is now no provision in the act which purports to authorize the sale of liquor containing more than two and three fourths per cent of alcohol. Plainly a large number of the sections are valid and enforceable under the Eighteenth Amendment in conjunction with the Volstead act. The definition of intoxicating liquor in § 2 differs from that of the Volstead act. But that difference does not render inoperative the sections which genuinely are appropriate for the enforcement of the prohibition enjoined upon the Commonwealth by the Eighteenth Amendment.

The valid and enforceable parts of c. 138 are so independent of the inoperative portions as to lead to the conclusion that they would have been enacted apart from the latter. The several sections of the chapter are not so mutually dependent upon each other as to require the belief that they were intended to be an indivisible unit. The valid parts can be separately enforced and thus enforced will effectuate the main purpose of the General Court, and of the Eighteenth Amendment.

It is unnecessary to consider the argument that sales within

this Commonwealth authorized by the Volstead act may be punished under the penalty clauses of c. 138, unless made in accordance with its provisions so far as they relate to such sales.

The terms of § 11 are mandatory to the end that the selectmen "shall insert in the warrant for the annual . . . town meeting an article submitting to the voters the question. If it be assumed that an affirmative answer in any municipality would be utterly vain and absolutely inoperative, still the mere vote will violate no provision of the Eighteenth Amendment or of the Volstead act. The vote itself will not authorize any sales of the so called "nonintoxicating beverages." Action subsequent to such affirmative vote alone purports under c. 138 to authorize such sales. Obviously no such contemplated action is presented on this record. The propositions involved in the case at bar were discussed at large in *Commonwealth* v. *Nickerson*, 236 Mass. 281, and it is not necessary to review again the authorities there collected.

*Petition dismissed.*