ALEXANDER v. STATE (1).

DECKER v. STATE (2).

BLOUNT v. STATE (3).

Opinion delivered May 9, 1921.

INTOXICATING LIQUORS—ENFORCEMENT OF EIGHTEENTH AMENDMENT.— The Eighteenth Amendment prohibiting the manufacture, sale or transportation of intoxicating liquors within the United States, and legislation thereunder by the Congress, did not impair the integrity of any existing State statute to enforce prohibition nor interfere with the enactment of any future legislation by the State for that purpose.

(1) Appeal from Garland Circuit Court; *Scott Wood,* Judge; affirmed.

(2 & 3) Appeals from Randolph Circuit Court; *John B. Baker,* Judge; affirmed.

*Arthur Cobb* and *Jerry Mulloy,* for appellants.

The demurrer to the indicment should have been sustained, as the Volstead act supersedes the State law, as the laws are irreconcilable, and the State law must give way as the United States law is supreme. 5 R. C. L., p. 912, § 6; 5 L. R. A. 78. The United States courts have exclusive jurisdiction, and the demurrer should have been sustained. 12 Cyc. 137, 4; 32 Ark. 117; 99 Am. Dec. 360; 34 Conn. 280; 4 Blackf. 146; 116 Mass. 1; 161 *Id.* 204; 12 Metc. 387; 8 *Id.* 313; 41 Am. Dec. 509; 15 N. H. 83; 3 Park., Crim. 358; 2 Am. Dec. 645; 5 How. 410; 2 Wood 428.

A court created by a State Legislature has no jurisdiction, and Congress can not confer upon a State court jurisdiction of offenses against the Federal law. 12 Cyc. 200, 4; 34 Conn. 280; 7 *Id.* 244; 7 *Id.* 239; 17 Johns 4; 3 Park., Crim. 358; 11 Johns 459; 53 Pa. St. 112; Rice 400; 2 Va. Cases 34; 1 *Id.* 321; 1 Wheat. 304.

The United States law is supreme, and the State laws are abrogated. 220 U. S. 151; 233 *Id.* 492; 238 *Id.* 456; 134 *Id.* 55; 80 U. S. (20 Law. Ed.) 597; 209 U. S. (52 Law. Ed.) 670; 140 S. W. 746; 214 U. S. 218; Const. U. S., art. 1, § 6; *Ib.* art. 6; 12 Cyc. 137, 4 and 200, 4; 264 Fed. 376,

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

There is no conflict between the United States and our State laws, and both the United States and State courts have jurisdiction, and an offense may be against *both* laws. 5 Howard 432; 9 *Id.* 560; 134 U. S. 372; 14 How. 13; 205 U. S. 34; 132 *Id.* 131; 22 Pac. 190; 22 Fed. Rep. 285; 9 Am. Dec. 196; 75 Am. Dec. 554. The State law is not excluded unless the act of Congress makes the United States juridiction exclusive and thus supersedes the State law. Bishop on Cr. Law, § 173; 52 Pac. 986; 90 N. E. 337; 28 Fed. Cases 522; 18 Tex. App. 224; 110 Atl. 224; 175 N. W. 683-5. See, also, as sustaining the doctrine, 4 Fed. Cas. 1203; 36 N. E. 328; 6 Ind. 436;

2 Ore. 221; 59 Va. 933; 1 Wash. T. 263; 121 N. W. 1052; 206 U. S. 333; 148 *Id.* 197; 32 Pac. 134; 168 Fed. 991; 22 Fed. 285, 190.

A person living under two governments or jurisdictions may commit two crimes—one against the State and one against the United States. 22 Fed. 285; 9 Am. Dec. 196; 14 How. 13; 75 Am. Dec. 554; Bishop, Cr. Law, § 173. See, also, 28 Fed. Cases 522; 18 Tex. App. 224; 110 Atl. 224; 175 N. W. 683; 175 N. W. 685; 148 U. S. 197; 168 Fed. 991.

SMITH, J. Appellants were each convicted, in separate trials, of selling intoxicating liquors, and a reversal is asked in each case upon the ground that the law of this State on the subject of the sale of intoxicating liquors has been superseded and annulled by the Federal statute commonly known as the Volstead act (c. 85, Acts 66th Congress, 41st U. S. Stat. at Large, 305), enacted to enforce the 18th Amendment to the Federal Constitution.

This amendment reads as follows:

"Section 1. After one year from the ratification of this article, the manufacture, sale or transportation of intoxicating liquors within, the importation thereof into, or the exportation thereof from, the United States and all territory subject to the jurisdiction thereof for beverage purposes is hereby prohibited.

"Section 2. The Congress and the several States shall have concurrent power to enforce this article by appropriate legislation."

The question here presented has already been considered by the courts of last resort in several of the States.

The first of these opinions was that of the Supreme Judicial Court of Massachusetts in the case of *Commonwealth* v. *Nickerson*, 128 N. E. 273. The subject was considered by that court in the most exhaustive manner, and the opinion of the court by Rugg, C. J., is one of great erudition. He leaves but little to be added to the discussion, and other courts which have since been called upon

to decide the same question have followed the lead of that court. Other cases on the subject are: *Allen* v. *Commonwealth* (Supreme Court of Appeals of Virginia), 105 S. E. 585; *State* v. *Fore* (Supreme Court of North Carolina), 105 S. E. 334; *Jones* v. *Hicks* (Supreme Court of Georgia), 104 S. E. 771; *Scroggs* v. *State* (Supreme Court of Georgia), 105 S. E. 363; *Edwards* v. *State* (Supreme Court of Georgia), 105 S. E. 363; *Smith* v. *State* (Supreme Court of Georgia), 105 S. E. 364; *Meriwether* v. *State* (Supreme Court of Mississippi, *en banc*), 87 So. 411; *Kyzar* v. *State* (Supreme Court of Mississippi, Division B), 87 So. 415; *Jones* v. *Cutting* (Supreme Judicial Court of Massachusetts), 130 N. E. 271; *Franklin* v. *State* (Court of Criminal Appeals of Texas), 227 S. W. 486; *Ex parte Gilmore* (Court of Criminal Appeals of Texas), 228 S. W. 199; *State ex rel.* v. *District Court* (Supreme Court of Montana), 194 Pac. 308; *Russell* v. *State* (Court of Criminal Appeals of Texas), 228 S. W. 948.

The Supreme Court of Massachusetts considered all the objections offered to the existing laws of that State on the subject of the illegal sale of liquor which have been made here against our own laws on that subject, and held that none of the objections made were well taken.

It is pointed out in the opinion of Chief Justice Rugg that the Eighteenth Amendment is the only instance to be found in the Constitution of the United States, or any of its amendments, where there is a definite declaration that both Congress and the several States have ''concurrent power'' to enforce any constitutional mandate by appropriate legislation.

The Supreme Court of Georgia, in the case of *Jones* v. *Hicks, supra,* says the use of the word ''several'' before the word States is significant in determining the meaning and intent of the amendment. Joint enforcement was not intended. The suppression of the liquor traffic and the establishment of prohibition was the thing aimed at, and the purpose of the amendment was to invoke the aid of the Congress and that of the several States in accomplishing that purpose. To that end each

of these governmental agencies was enjoined to contribute by the enactment of appropriate legislation.  As was said in the case of *Commonwealth* v. *Nickerson, supra:* "The force and effect of the words of the Eighteenth Amendment, while possibly enlarging the permissible scope of State legislation respecting importation and exportation of intoxicating liquors, leaves open to State legislation the same field theretofore existing for the exercise of the police power concerning intoxicating liquors subject only to the limitations arising from the conferring of like power upon Congress with its accompanying implications, whatever they may be.

"Having regard only to the words of the Eighteenth Amendment, the Congress and the several States are placed upon an equality as to legislative power.  It is only when the amendment is placed in its context with other parts of the Constitution that the supremacy of the act of Congress if in direct conflict with State legislation becomes manifest."

Counsel for the appellants cite the case of *Hickman* v. *Parlin,* 88 Ark. 519, in which this court held that the State Insolvency Act of June 26, 1897, was superseded by the Bankruptcy Act of Congress of July 1, 1898, in so far as they relate to the same subject-matter and affect the same persons, and argue that the effect of that decision is to put our liquor laws in abeyance.

This point was also considered in the Nickerson case, where it was said: "There is a group of cases which hold that, while the general power to deal with some subjects is vested in Congress by the Constitution, yet in the absence of action by Congress, if the power is not denied to the States, legislation by them touching the subject is valid and enforceable.  By article 1, section 8, clause 4, of the Constitution, Congress is given power 'to establish * * * uniform laws on the subject of bankruptcy throughout the United States.'  There are no words in the Constitution as to the power of States over bankruptcies.  Until Congress has acted by passing a general bankrupt law, the several States may enact laws

of that nature, which are suspended when Congress acts upon the subject. See, for example, *Sturges* v. *Crowninshield,* 4 Wheat. 122, 193, 4 L. Ed. 529; *Ogden* v. *Saunders,* 12 Wheat. 213, 6 L. Ed. 606; *Griswold* v. *Pratt,* 9 Metc. 16. Those decisions rest on the principle that a uniform law on bankruptcies throughout the United States can not readily coexist as operative legislation with various State laws covering the same field. That principle in our opinion is not applicable to the subject-matter of the Eighteenth Amendment. There is no inherent or necessary incompatibility between the contemporaneous existence and enforcement of both Federal and State laws designed to enforce prohibition. Therefore it is manifest to us that the explicit words of section 2 vesting 'concurrent power' to enforce prohibition both in Congress and in the States mean something more than the 'concurrent power' to which reference is made in *Sturges* v. *Crowninshield,* 4 Wheat. 122, 193, 4 L. Ed. 529, as existing without express words.''

It is here argued, for the reversal of the judgments in each of the appeals before us, that, if the respective States may enact and enforce its own legislation on the subject, authority is found only for legislation enacted subsequent to the adoption by the States of the Eighteenth Amendment, and that, as the appellants here were each convicted under legislation enacted prior to the adoption of that amendment, a reversal must be ordered on that account.

This feature of the question was considered by the Supreme Court of Georgia in the case of *Jones* v. *Hicks, supra,* where that court pointed out that the Eighteenth Amendment was a grant of additional power to the Federal Government, but in this grant of power the States had parted with none of their own power to enforce prohibition within their own sphere of action. That court said: ''The amendment and legislation thereunder by the Congress does not impair the integrity of any existing State statute to enforce prohibition, nor can it in-

terfere with the enactment of any future legislation by the States for that purpose."

On this same subject the Supreme Court of Appeals of Virginia, in the case of *Allen* v. *Commonwealth, supra,* said: "We think there can be no conflict between the Federal and State legislation on the subject under consideration so long as neither State nor Federal government attempts to interdict the other from dealing with the conduct in question as Federal or State offenses, respectively, as the case may be, and where the legislation of the State is confined to punishing the conduct as State offenses and the legislation of the Federal Government is confined to punishing the same conduct as Federal offenses, neither undertaking to nullify the laws of the other enacted and operating as the expression of the edicts, respectively, promulgating the provisions as to what shall be offenses against the respective sovereignties and the punishments therefor."

And further: "Under the view which we take of the subject, any statute which the State may have enacted or may enact creating or not creating the State offenses aforesaid would not be in conflict with the Volstead act, or with the Eighteenth Amendment, unless and only to the extent that such State statute should attempt to nullify the Federal law creating the Federal offenses aforesaid. The State law could not authorize the commission of the offenses condemned by the Federal law so as to permit the offender to go free of punishment under the Federal law. It can, however, impose or withhold punishment for such conduct as State offenses, or impose different punishments for State offenses consisting of the same conduct."

On this phase of the case we quote again from the Nickerson case, *supra,* where the Supreme Court of Massachusetts said: "The amendment does not require that the exercise of the power by Congress and by the States shall be coterminous, coextensive and coincident. The power is concurrent, that is, it may be given different manifestations directed to the accomplishment of the

same general purpose, provided they are not in immediate and hostile collision one with the other. In instances of such collision the State legislation must yield.''

In the case of *Rhode Island* v. *Palmer,* 253 U. S. 350, 64 L. Ed. 356, the Supreme Court of the United States held that the Eighteenth Amendment had been properly submitted to and ratified by the States. The opinion in that case is unusual in that it consists in an announcement of the conclusions of the court without any exposition of the reasoning by which those conclusions had been reached. In the seventh conclusion announced in that opinion it is said that the second section of the amendment, which declares that ''the Congress and the several States shall have concurrent power to enforce this article by appropriate legislation,'' does not enable Congress or the several States to defeat or thwart prohibition, but only to enforce it by appropriate means. That is, the States may enact laws to aid in the enforcement of the amendment, but may not enact laws to defeat its enforcement. This aid which the States are thus invited to render may be given by enforcing laws antedating the amendment, or by enacting and enforcing laws subsequent thereto and in conformity therewith.

It is pointed out in a number of the opinions which we have cited above that the Volstead act manifests no purpose on the part of the Federal Government to take exclusive possession of the field of operations in the enforcement of this amendment, and, quoting again from the Nickerson case, *supra,* ''Even if under the Eighteenth Amendment Congress has the clear power to do so, its enactment would not be given that effect except in instances where its design to accomplish that result is plain and the repugnance between the Federal and the State statute is absolute, positive and irreconcilable, so that both can not stand together. *Missouri, Kansas & Texas Ry.* v. *Harris,* 234 U. S. 412, 419, 34 Sup. Ct. 790, 58 L. Ed. 1377, L. R. A. 1915 E, 942; *Illinois Cent. Rd.* v. *State Public Utilities Com.,* 245 U. S. 493, 510, 38 Sup. Ct. 170, 62 L. Ed. 425.''

.    See, also, *Abbate* v. *United States* (Circuit Court of
Appeals, 9th Circuit), 270 Fed. 735; *United States* v.
*Holt* (District Court North Dakota), 270 Fed. 639;
*Woods* v. *City of Seattle* (District Court, W. D. N. D.
Washington), 270 Fed. 315; *Ex parte Crookshank* (Dis-
Court S. D. S. D. California), 269 Fed. 980; *Feigenspan,
Inc.,* v. *Bodine,* 264 Fed. 186; *United States* v. *Peterson,*
268 Fed. 864.

In the case of *State* v. *Green.* 86 So. 919, the Su-
preme Court of Louisiana held that the act of that State
which denounced as a misdemeanor the retailing of in-
toxicating liquors without having obtained a license was
superseded and in effect repealed by the Eighteenth
Amendment and the Volstead act; but the reason given
was that such a law, even if enacted subsequent to the
adoption of the Eighteenth Amendment, would not be
"appropriate legislation," but would be absolutely vio-
lative of the amendment. But that court, in the case of
*Shreveport* v. *Marx,* 86 So. 602, held that the State stat-
ute prohibiting the sale of liquor, although in force when
the Eighteenth Amendment and the Volstead act became
effective, was not repealed or superseded by such amend-
ment or act of Congress.

The distinction between the two Louisiana cases is
of course that one act tended to defeat the purpose of
the amendment and the Volstead act in aid thereof by
licensing the sale of intoxicating liquors, while the other
statute tended to enforce the amendment. The first act
was therefore held to be void, and the second held to be
valid.

We conclude therefore that act No. 30 (Acts 1915,
p. 98; § 6160, C. & M. Digest), under which appellants
were convicted, is a valid and subsisting law, and the
judgments of conviction are affirmed in each case.