CROSBY v. STATE.

Opinion delivered May 29, 1922.

1. INTOXICATING LIQUORS—REPEAL OF STATE LAW.—The State statute prohibiting the sale of liquor was not repealed or superseded by the Eighteenth Amendment to the Constitution of the United States or by the Volstead Act.

2. CRIMINAL LAW—EXPRESSION OF OPINION BY JUDGE.—The provision of Const., art. 7, § 23, that "judges shall not charge juries with regard to matters of fact, but shall declare the law," is mandatory, and any expression or intimation by the judge of an opinion as to controverted facts is thereby forbidden.

3. CRIMINAL LAW—EXPRESSION OF OPINION BY JUDGE.—Where a witness for the State, in a prosecution for selling intoxicating liquors, denied that defendant had sold liquor to him within three years before the return of the indictment, and denied that he had so testified before the grand jury, an order of the court, made in the jury's presence, for the arrest of such witness for perjury was an expression by the court as to the facts which the jury must have regarded as indicating the court's belief that defendant had sold whiskey to the witness, and requires a reversal of the conviction.

4. CRIMINAL LAW—PREJUDICIAL ERROR.—The prejudice resulting to accused from the court's action in ordering the arrest for perjury of a witness who had denied that accused had sold him any whiskey was not cured by the court's excluding from the jury an argument of the prosecuting attorney that the witness had perjured himself.

5. CRIMINAL LAW—PRESUMPTION AS TO ERRONEOUS RULINGS.—Where an erroneous ruling of the trial court might result in prejudice, the judgment must be reversed unless it affirmatively appears that there was no prejudice.

Appeal from Jackson Circuit Court, *Dene H. Coleman*, Judge; reversed.

*G. A. Hillhouse* and *Gustave Jones*, for appellant.

*J. S. Utley*, Attorney General, *Elbert Godwin* and *Wm. T. Hammock*, Assistants, for appellee.

WOOD, J. 1. Appellant was indicted for the crime of selling and being interested in the sale of intoxicating liquors. He demurred to the indictment on the ground that the court was without jurisdiction because the 18th amendment to the Federal Constitution and the Federal statute (Volstead act) superseded the State law under which appellant was indicted. The court overruled the demurrer.

This court, after an exhaustive review of the authorities upon the subject, has decided the precise question in the recent case of *Alexander* v. *State*, 148 Ark. 491, holding that the 18th amendment and the Volstead act "did not impair the integrity of any existing State statute to enforce prohibition, nor interfere with the enactment of any future legislation by the State for that purpose." This means, of course, that the State statute prohibiting the sale of liquor is not repealed or superseded by the 18th amendment or the Volstead act; for, if this amendment and this act superseded the State statute prohibiting the sale of liquor, then the integrity of such statute is not only impaired but destroyed. In *Alexander* v. *State, supra,* we concluded that the statute under which the appellant was convicted "is a valid and subsisting law." We adhere to that decision.

2. Witness Smith was called as a witness for the State and testified that he never purchased any whiskey from the appellant on the 10th of September, 1921, or at any other time within three years before the filing of the indictment. The witness was handed a statement purporting to be his testimony taken before the grand jury, and he testified that he signed the statement; that he read the same or it was read to him before he signed it. The witness stated that he testified before the grand jury

that three or four years ago he bought some whiskey from the appellant, but that he did not buy any whiskey from him on the 10th of September, 1921. Thereupon, the record shows the following occurred: "By Mr. Williamson (prosecuting attorney). I ask to have this witness held for perjury. This is all the State can do." By the court: "All right, the witness may stand aside. Mr. Sheriff, you will hold this witness under a thousand dollar bond for perjury; let the prosecuting attorney file information against him. He is in the custody of the sheriff." (To which action, ruling and statements on the part of the prosecuting attorney and on the part of the court, in the presence and hearing of the jury, the defendant at the time excepted, and asked that his exceptions be noted of record, which is accordingly done).

The bill of exceptions further recites as follows: "And thereupon, during the closing argument of the prosecuting attorney, Hugh U. Williamson, and after the defendant's counsel had made their argument to the jury, Mr. Williamson, the prosecuting attorney, stated to the jury among other things in his argument, as follows: 'Here is Mr. Crosby, he has been engaged in selling liquor out there for a good while, for a long time, and he has gotten caught.''

Objection by counsel for the defendant to the above statement, and counsel for defendant requests the court to instruct the jury not to consider such argument, and to rebuke the prosecuting attorney for making such statement. Which the court fails to do, but remarks: 'The jury will have to be the judges of the evidence.' (To which refusal of the court to so instruct the jury and to rebuke the prosecuting attorney, the defendant at the time excepted and asked that his exceptions be noted of record, which is accordingly done). And thereupon, during the further argument, in closing for the State and when the defendant had no opportunity for reply, the prosecuting attorney, among other things, stated to the jury as follows: 'You can see the straits the defendant has gone to

when you saw the old man Smith perjure himself here.'
Objection by counsel for defendant to the above argu-
ment by the prosecuting attorney sustained by the court,
and the court told the jury that the above was improper
argument on the part of the prosecuting attorney. (But
owing to the prejudicial nature of such argument, re-
gardless of the court's ruling and instruction to the jury,
the defendant desires to except to the argument, and asks
that his exceptions be noted of record, which is accord-
ingly done).

"And thereupon, the prosecuting attorney during the
further argument for the State in closing his case and
when the defendant had no opportunity for replying,
made, among other statements, the following: 'Old man
Smith bought some whiskey from him (defendant) away
back sometime ago, and that goes to establish his repu-
tation.' Objection by counsel for defendant to the above
statement by the prosecuting attorney overruled by the
court. (To which ruling of the court and to which argu-
ment of the prosecuting attorney the defendant at the
time excepted and asked that his exceptions be noted of
record, which is accordingly done)."

Section 23 of article 7 of our Constitution provides
that "judges shall not charge juries with regard to
matters of fact, but shall declare the law." C. & M. Di-
gest, p. 79. This is a mandatory provision of the Con-
stitution, and the numerous cases of this court collated
by the digesters under the above section show how im-
portant it is in the administration of justice under our
juridical system that trial judges observe the above man-
date of the Constitution. Excerpts from one or two of
the cases will suffice to show what the mind of the court
has been, and still is, upon the above provision, and that
any departure from it by trial judges must inevitably
result in a reversal of their judgements.

In *State* v. *Wardlaw*, 43 Ark. 73, Justice SMITH, speak-
ing for the court, said: "The circuit court committed
an error in advising the attorney for the State, in the

presence of the jury, to drop the prosecution for want of evidence. Our Constitution forbids judges to charge juries with regard to matters of fact.''

Judge BATTLE, speaking for the court, in the case of *Sharp* v. *State,* 51 Ark. 147, said: ''In all trials the judge should preside with impartiality. In jury trials, especially, he ought to be cautious and circumspect in his language and conduct before the jury. He should not express or intimate an opinion as to the credibility of a witness or as to controverted facts. For the jury are the sole judges of fact and the credibility of witnesses; and the Constitution expressly prohibits the judge from charging them as to the facts. The manifest object of this prohibition was to give to the parties to the trial the full benefit of the judgment of the jury as to facts, unbiased and unaffected by the opinion of judges. Any expression or intimation of an opinion by the judge as to questions of fact or the credibility of witnesses necessary for them to decide in order for them to render a verdict would tend to deprive one or more of the parties of the benefits guaranteed by the Constitution, and would be a palpable violation of the organic law of the State.''

In *Catlett* v. *Ry.,* 57 Ark. 461-466, Chief Justice COCKRILL, speaking for the court, said: ''This provision shears the judge of a part of his magisterial functions, but it confers no new power upon the jury. \* \* \* The Constitution has not altered their province. It commands the judge to permit them to arrive at their conclusion without any suggestion from him as to his opinion about the facts.''

In the recent case of *Martin* v. *State,* 130 Ark. 442, a witness whose testimony tended to prove that the appellant was not guilty of the crime charged was arrested in the presence and hearing of the jury, by order of the court directing the sheriff to take charge of the witness and hold him to bail in the sum of $500 to answer the charge of giving away whiskey, etc. This court held that the conduct of the court constituted prejudicial error, and

we quoted from the case of *Golden* v. *State,* 75 Miss. 130, as follows: ''It is very easy to order such witness into custody, and to do it 'immediately,' without the knowledge of the jury. The testimony in this case is exceedingly unsatisfactory, and, in view of that fact, this action of the court may well have weighed heavily with the jury against the defendant.'' In concluding the opinion, we said: ''The theory of the court, in ordering a reversal in the cases there cited, is that the verdict of the jury should be made up in every case from the testimony of the witnesses alone, uninfluenced by any act or opinion of the trial judge reflecting his estimate of the weight and credibility of any testimony.''

The Attorney General contends that Smith gave no testimony that was either favorable or unfavorable to the accused, and that, being a witness for the State, his arrest for perjury by order of the court in the presence and hearing of the jury could not have been prejudicial to the appellant. But it occurs to us that the proceedings, reflected by the record as above set forth, must necessarily have resulted to the prejudice of appellant in depriving him of a fair and impartial trial. After the witness had testified that he told the grand jury that he bought some whiskey from appellant three or four years ago, but that he had not bought any whiskey from appellant on the 10th of September, 1921, or any other day in 1921, the prosecuting attorney immediately asked the court to have him arrested for perjury and the court granted the request in the manner recited above in the bill of exceptions, and the prosecuting attorney followed this up in his closing argument with the following comment: ''You can see the straits the defendant has gone to when you saw the old man Smith perjure himself here.''

While the court told the jury that the above argument was improper, we are convinced that this ruling of the court was not sufficient to remove the prejudice that may have been created in the minds of the jury by the conduct of the prosecuting attorney and the court itself

in causing the arrest of the witness Smith in the presence and hearing of the jury. Taking the whole record of this proceeding, it was clearly calculated to cause the jury to believe that Smith had testified before the grand jury that he had bought whiskey from the appellant on the 10th of September, 1921, or within three years prior to the finding of the indictment, and that on the trial he had committed perjury by testifying to the contrary, and that this was done at the instigation of the appellant. The order of the court directing the arrest of the witness was tantamount to telling the jury that the witness Smith was unworthy of belief and that his testimony before the jury was not entitled to any credit.

It was wholly within the province of the jury to say whether the testimony of the witness as disclosed by his examination at the trial was true or false. They were the sole judges of it, and if they believed it true it was certainly very favorable to the appellant, and they had the right to accept it. Therefore, the trial judge should not have invaded the province of the jury and should not have told them, in effect, that the testimony of the witness Smith before them was unworthy of belief. The most reasonable and natural inference for the jury to draw from the conduct of the prosecuting attorney and the trial judge, as disclosed by the above record, was that, in their opinion, the testimony of the witness Smith as given before the grand jury, and upon which the indictment was predicated, was true, and that his testimony at the trial was false. Certainly it cannot be said that the jury might not have come to this conclusion, and, if they could have done so, who can say that they did not do so, and who can say that such determination did not enter into and was not reflected by their verdict? Where the effect of an erroneous instruction or ruling of the trial court might result in prejudice, the rule is that the judgment must be reversed on account of such ruling, unless it affirmatively appears that there was no prejudice. No such showing is reflected by this record. *Magness v. State*, 67

Ark. 595-604-5; *St. L. & S. F. R. Co.* v. *Crabtree,* 69 Ark. 134; *Neal* v. *Brandon,* 70 Ark. 79-82; *Conway* v. *Coursey,* 110 Ark. 557-562.

3. Other rulings of the court are assigned as error, but these are not likely to be repeated on a new trial. We therefore deem it unnecessary to discuss them. For the error indicated the judgment is reversed and the cause remanded for a new trial.

### DISSENTING OPINION.

McCulloch, C. J. The trial court was undoubtedly acting within its powers in ordering the arrest of witness Smith (*People* v. *Hays,* 140 N. Y. 484; *State* v. *Swink,* 151 N. C. 726; *State* v. *Strado,* 38 La. Ann. 562), and the questions to decide now are whether there was an abuse of discretion by the court as to the circumstances under which the arrest was made, and whether prejudice resulted to appellant.

In *Martin* v. *State,* 130 Ark. 442, we held that it constituted prejudicial error for the trial court to order the arrest of a witness for the accused in the presence of the jury, the reason given in the opinion being that the action of the court was calculated to destroy or lessen "the faith of the jury in the credibility of the witness." This view is in accord with the weight of authority. See note to *State* v. *Swink, supra;* 19 Ann. Cas. 442. But in the present case the arrested witness was not introduced by appellant and gave no testimony in the latter's favor. The witness stated that he had not bought any intoxicating liquors from appellant within the period of the statute of limitation, and this testimony was of a negative character and had no probative force. *Doran* v. *State,* 141 Ark. 442.

The only substantive testimony given by the witness was favorable to the State to the effect that he had purchased liquor from appellant more than three years before the finding of the indictment. Appellant was therefore not interested in upholding the credibility of

this witness, and suffered no prejudice from the impairment of his credibility.

If the arrest of the witness in the presence of the jury had the effect of lessening his credibility, then the harm fell upon the State and not upon the defendant. There could certainly be no prejudice to the defendant in discrediting a State's witness who had given no testimony favorable to appellant.

It is a settled rule of this court not to reverse for mere irregularities or errors in trials, unless prejudice might have resulted.

It should be added that the conduct of the witness upon which the court based its order of arrest was committed in the presence of the jury, and the court gave no intimation of opinion as to whether the perjury was probably committed by the witness in the testimony before the grand jury, or in that given before the trial jury. So it is difficult to discover in the incident any expression of opinion by the court upon the weight of the evidence or the credibility of the witness.

The court sustained the objection to improper comments of the prosecuting attorney in regard to the witness, and admonished the jury that they should not consider the same. It seems to me that the admonition of the court ought to be treated as a removal of the prejudicial effect of the improper remarks of the prosecuting attorney. We ought, I think, to accord to the trial judge the discretion of determining how far he should go in correcting improper remarks of counsel.

The cases in this court are so numerous that it is unnecessary to cite them, holding that when the court excludes an improper remark to the jury it is no ground for reversal.

I discover no prejudicial error in the record in this case, and I think the judgment should be affirmed. I am authorized by Mr. Justice HUMPHREYS to say that he shares these views.