McCRACKEN v. STATE.

4531

214 S. W. 2d 84

Opinion delivered October 11, 1948.

Rehearing denied November 8, 1948.

*Franklin Wilder,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

ROBINS, J.   The grand jury returned indictment against appellant charging him with the offense of aiding, encouraging, assisting and advising one Harold Dean Frye in committing the offense of carnal abuse.

He was convicted by a trial jury and subsequently sentenced to imprisonment.

Appellant asks reversal of the lower court's judgment on these grounds: (1) That the arrest of certain defense witnesses during the trial was prejudicial error; and, (2) that the verdict was contrary to the evidence.

## I.

During the trial two witnesses for the defense testified that they had had sexual intercourse with the prosecuting witness. A few minutes after this testimony was given the court took a recess until the following day, and after the recess the Prosecuting Attorney went from the courtroom out into the hall and had the Deputy Sheriff place these two defense witnesses under arrest for perjury. These witnesses later went back on the stand and recanted their former testimony. A motion for a mistrial on account of the arrest of the two defense witnesses was presented to the court and overruled. On the hearing of this motion the Prosecuting Attorney testified that the arrest did not occur in the courtroom or in the presence of the jury, unless some of the jury were mingling with the crowd in the hallway. The lower court denied the motion for a mistrial.

Appellant attached to his motion for a new trial affidavits of two members of the jury who testified that they heard the Prosecuting Attorney tell the Deputy Sheriff to hold the two witnesses on a perjury charge, that the incident occurred immediately after the court had recessed and the jury had been permitted by the court to separate, and that there were two or three other jurors present at the time.

Our cases, such as *Crosby* v. *State,* 154 Ark. 20, 241 S. W. 380; *Martin* v. *State,* 130 Ark. 442, 197 S. W. 861; and *Lile* v. *State,* 186 Ark. 483, 54 S. W. 2d 293, in which we held that it was reversible error for the judge, in the presence of the jury, to order the arrest of a witness in a criminal case, are not controlling here. In the case at bar the court made no order at all. The jury had, without any objection on the part of appellant, been permit-

ted to separate until the resumption of the trial the following morning, and the request for the arrest made by the Prosecuting Attorney was not made in the courtroom. There is nothing in the record to indicate that the Prosecuting Attorney knew that any juror heard his conversation with the Deputy Sheriff, or that he tried purposely to let the jury know of the incident. We conclude that under the circumstances shown the lower court properly denied the motion for a mistrial, and that no reversible error was committed in connection with the arrest of the two defense witnesses. Furthermore, the only direct proof that any member of the jury witnessed the arrest of the defendant's witnesses was sought to be established by the affidavits of two members of the jury. The trial court should have excluded these affidavits—and probably did—because § 4060, Pope's Digest (4 Ark. Stats., § 43-2204) provides: "A juror cannot be examined to establish a ground for a new trial, except it be to establish, . . . , that the verdict was made by lot." With the jurors' affidavits excluded—as the law requires—there is no showing that the trial court abused its discretion in overruling the motion for a new trial.

## II.

The testimony on behalf of the State tended to show that one of appellant's boys was keeping company with the prosecuting witness, a fifteen-year-old girl, that he became intimate with her, and that she had become pregnant; that Harold Dean Frye and appellant drove in a car with the girl out to a secluded place where Frye had intercourse with her.

Appellant did not deny that he was with Frye and the girl on the occasion described by her, but he stated that when he saw that Frye was putting his arm around the girl "I thought then that I had better get out, that they had some talking and necking to do, and I got out and walked down from the car a piece and took a chew of tobacco and stood around there awhile." Appellant also testified that he did not suggest to Frye that he engage in intercourse with the girl. The theory of the State, accepted by the jury, was that appellant was aid-

ing and encouraging the Frye boy to have intercourse with the girl so as to cast a doubt on any claim that appellant's son was the father of the child which she had conceived. It was also shown that appellant told the girl's father about her intercourse with Frye, and told him that he (the appellant) was actually in the car with them at the time it occurred. The evidence was sufficient to justify the jury in its finding.

No error appearing, the judgment is affirmed.

Justices SMITH and HOLT dissent.