GRIMES, Judge.
Appellant was charged with possession and sale of heroin. The jury found him guilty of the possession but not of the sale. His appeal is primarily directed to (1) the propriety of the court having ordered one of his witnesses held for possible perjury charges while in the presence of the jury and (2) the introduction of evidence that when appellant was arrested twenty-four days after the crime was allegedly committed, he admitted to being a heroin user and that he had track marks on his arm and narcotics paraphernalia in his possession.
The foundation of the state’s case was to be the testimony of a male informant and his girlfriend who accompanied the informant when he made a controlled heroin purchase from the appellant. The state opened its case with the testimony of the informant who suffered a memory lapse.[1] The state then put the informant’s girlfriend on the stand. She described the sale and identified the appellant as the heroin seller. The following day, this witness was called to the stand as a defense witness. She recanted her testimony of the previous day and stated that she was unable to identify the appellant as the heroin seller. In response to a question by the court, she stated that she had lied the day before. She said she had been threatened by the prosecutor and one of the deputies and that she was high on acid when the transaction occurred. At the conclusion of her testimony the following colloquy occurred:
“THE COURT: The court is suggesting to prosecutor that perjury charges be brought against this girl.
PROSECUTOR: I can assure you, Your Honor, this witness will be investigated.
THE COURT: The bailiff is asked to hold this witness in custody and advise the state attorney’s office.”
Despite the absence of an objection or motion for mistrial, appellant claims that it was reversible error for the court to have ordered the witness held pending perjury charges in the presence of the jury.
As a general rule, it is error for the court in the presence of the jury to order a witness to be taken into custody for possible perjury charges. E. g., Lile v. State, 186 Ark. 483, 54 S.W.2d 293 (1932); Johnson v. State, 141 Miss. 49, 105 So. 851 (1925); State v. Swink, 151 N.C. 726, 66 S.E. 448 (1909); 75 Am.Jur.2d, Trial, § 50 (1974); *112 Annot., 127 A.L.R. 1385, 1394 (1940); cf. Atkins v. State, 100 Fla. 897, 130 So. 273 (1930). The reason for the rule is that such action is tantamount to the court giving its opinion upon the credibility of the witness.
Therefore, had this witness testified only for the appellant, the position of appellant might be well taken. Here, however, the witness had testified for both the state and the appellant. She gave conflicting testimony and stated that she had lied the first time she testified. Thus, she was amenable to a charge of perjury by contradictory statements under Section 837.021, Florida Statutes (1975), regardless of which of her statements was true. The judge expressed no opinion as to which version of the witness’ testimony he believed. The credibility of her testimony was left to the jury. Better practice would have dictated the advisability of issuing the order outside of the jury’s presence, but in view of the foregoing circumstances we cannot say that fundamental error was committed. 23 C.J.S. Criminal Law § 996 (1961); see Wallace v. United States, 243 F. 300 (7th Cir.1917).
One of the deputies who interviewed appellant at the jail following his arrest was permitted to testify that the appellant told him that he had used heroin for quite awhile.[2] He also testified that the appellant had “needle marks or track marks” on his arms. A jailer who searched the appellant when he was being booked into jail testified that a needle, syringe and cap were found in the appellant’s jacket. A chemist testified that there was a residue of heroin on the cap. We hold that appellant’s objections to this evidence were properly overruled.[3]
In State v. Wadsworth, 210 So.2d 4 (Fla.1968), the court held that evidence of prior alcoholism was admissible toward proving a charge of manslaughter by an intoxicated motorist. In the course of its opinion our Supreme Court made the following observation with respect to the so-called Williams Rule:
“ . . . In Williams, this court restated the rule respecting the admissibility of evidence in terms of relevancy: Evidence which is relevant to any material issue is admissible unless the sole relevancy is to the character of the accused or his propensity toward crime. . . . ”
The court further stated:
“We also agree that evidence of the prior intemperate habits of a person is relevant to, and may be given as corroborating evidence on, the question of whether such person was intoxicated at any given time and place, when intoxication at such time and place is a material issue in the cause. . . . ”
No one can dispute the fact that taking heroin is an intemperate habit. Evidence that the accused has marks on his arm reflecting the prior use of the narcotic which he is accused of possessing is competent corroborating circumstantial evidence that he possessed it on a given date. Appellant’s admission to using heroin for quite awhile was sufficient to overcome any question of remoteness. See State v. Pierre, 302 So.2d 10 (La.1974). Such evidence does not violate the rule against presenting evidence of other crimes.[4] State v. Hansen, 283 Minn. 502, 169 N.W.2d 48 (Minn.1969); People v. Stump, 14 Cal.App.3d 440, 92 Cal.Rptr. 270 (1971).[5]
*113 On the same theory, the fact that the accused had a hypodermic needle, syringe and spoon or cap in his possession may be properly admitted as circumstantial .evidence of a prior intemperate habit bearing on a material fact in issue. See People v. Norland, 61 Cal.App.2d 364, 143 P.2d 86 (Cal.1943); Starr v. State, 165 Ark. 511, 265 S.W. 54 (1924); see also State v. Vale, 252 La. 1056, 215 So.2d 811 (1968), reversed on other grounds, Vale v. Louisiana, 399 U.S. 30, 90 S.Ct.1969, 26 L.Ed.2d 409 (1970).
AFFIRMED.
HOBSON, A. C. J., and McNULTY, J., concur.

. In an earlier deposition, the informant had stated that he had purchased the heroin from the appellant. At trial, he stated that he did not see the seller in the courtroom. He admitted that his life had been recently threatened.

. Appellant makes no contention that he did not first receive proper Miranda warnings.

. The evidence was only admitted with respect to the charge of possession.

At first blush our holding appears to conflict with Baffuto v. State, 187 So.2d 79 (Fla.3d DCA 1966), in which our sister court held that it was error to permit a police officer to testify over objection that in his opinion certain scratch marks found on the defendant’s arms when he was arrested were the result of the use of heroin. However, the facts of the case are not reflected in that opinion, and the defendant had been convicted of uttering a forged prescription for a narcotic drug rather than for possessing heroin.

. See also State v. Smith, 257 La. 896, 244 So.2d 824 (1971), and People v. Harris, 52 Ill.2d 558, 288 N.E.2d 385 (1972), in which such evidence was deemed admissible as relevant to proof of knowledge. However, proof that the defendant had knowledge of the nature of the *113 drug is not indispensable in Florida to the state’s case in chief in the prosecution for illegal possession of drugs. State v. Medlin, 273 So.2d 394 (Fla.1973).