## JOHN CHASE *v.* THE STATE OF MISSISSIPPI.

CRIMINAL LAW.  *Misdemeanor.    Waiver of error.*

If upon the trial of a misdemeanor the court erroneously causes the arrest of a witness, for perjury, in the presence of the jury, it is not reversible error, if, before the end of the trial, the court recognizes the right of defendant to begin anew, before another jury, and defendant elects to waive such right and proceed, his waiver being beyond recall.

FROM the circuit court, second district, of Hinds county.

HON. ROBERT POWELL, Judge.

John Chase was indicted for a misdemeanor.    In the progress of his trial the court, in the presence of the jury, acting under code 1892, § 1384, caused the arrest of a defendant's witness for perjury.    The section of the code is in these words: "Whenever it shall appear to any court that a witness or party who has been sworn or examined in any case, matter, or proceeding pending before the court, has testified in such manner as to induce a reasonable presumption that he has wilfully and corruptly testified falsely to some material point or matter, the court may immediately commit such party or witness, by an order or process for that purpose, to prison, or take bond or recognizance, with sureties, for his appearing and answering to an indictment for perjury."

The decision in the case of *Golden* v. *State, ante,* 130, holding that an arrest of a witness under the statute should be made,

if possible, out of the presence of the jury, had but recently been rendered when this case was tried, and the court's attention being called to the decision after ordering the arrest, but before the end of the trial, gave the defendant the option mentioned in the opinion. Defendant elected to waive the error and proceed. Afterwards, seeing the tide turning against him presumably, and before the trial was over, he demanded to recall his waiver, which the court disallowed. He was convicted and appealed to the supremé court.

*W. A. Montgomery,* for appellant.

The testimony against appellant was not of sufficient force to have secured his conviction had it not been for the error of the court in ordering the arrest of the witness in the presence of the jury. *Golden* v. *State, ante,* 130. The jurors were led to believe thereby that the witness had perjured himself in appellant's interest, and, of course, they inferred from the circumstances that appellant required the aid of perjury to secure his acquittal, if, in fact, they were not impressed with the idea that he was an instigator of the false swearing. The professional gentleman who has not witnessed such a scene cannot imagine the depressing effect upon a prisoner's cause produced by the arrest of his witness for perjury in the immediate presence of the jury. The severest norther never caused the mercury in a thermometer to fall more suddenly than does a prisoner's chances of a fair trial under such a blow. Something in the nature of a dull thud is at once perceptible. The appellant's attorneys having, in the presence of the accused it is true, and without objection from him, waived the error, afterwards, recognizing the full force of the chilling blast, gave the court assurance that the waiver was hasty and ill considered, and asked to recall it; he should have been permitted to do so. Liberty is too sweet to be thrown away, and men's rights ought not to be irrevocably surrendered by hasty action. The state should not wear a scalp so ingloriously obtained.

If this were a civil action the pleadings could be amended at any time before verdict; why should a more rigid rule be enforced when the liberty of the citizen is at stake? Why may not the accused, at any time during the trial, "recall the fleeting breath" that expressed his disastrous waiver?

*Wiley N. Nash,* attorney-general for the state.

The only error committed on the trial against appellant was recognized by the court before the conclusion of the state's evidence, and the judge gave the accused his election to begin the trial anew before another jury, or to proceed, the accused waiving the error. Appellant's attorney, in the presence of his client, and without objection from him, elected to waive the error and proceed. It will be borne in mind that this case was the trial of a misdemeanor, and not a felony. In misdemeanors the attorney of a defendant can act for his client. 1 Wharton's Criminal Law, sec. 530. The election having been made, and the error waived, the court might, or might not, in the exercise of judicial discretion, allow its recall. This court should not reverse the conviction because the discretion was exercised against appellant. To do so would encourage experiments and stimulate the blowing of " both hot and cold " by the same mouth.

WOODS, C. J., delivered the opinion of the court.

During the progress of the trial below, the court ordered a witness, who had testified on behalf of the accused, into the custody of the sheriff, to await an investigation by the grand jury of a charge of perjury then by the witness supposed to have been committed, and this action was had in the presence of the jury. But the court soon afterwards, and before the evidence had all been offered, in a spirit of judicial fairness which cannot be too highly commended, stated that the action of the court in ordering the witness into custody, under the circumstances above detailed, was error, and reversible error.

The court further announced to counsel for the defendant that he would discharge the jury, and cause another to be impaneled, or, if counsel desired, the error might be waived and the trial proceed before the jury then in the box.   Thereupon, the defendant waived the point on the error committed, and declared that he preferred being tried by the jury then hearing the case, and the case was accordingly proceeded with.

Some time afterwards, the counsel for the accused moved the court for permission to withdraw the former waiver, and gave as the ground for the motion the unwillingness of the prisoner that the waiver should stand.   The court denied the motion, and this is assigned for error.

In cases of misdemeanors, one accused may waive a right which in felonies, and especially those of the highest grade, the policy of the law will not permit him to waive, and in refusing to permit the prisoner to waive and afterwards to exercise the right not to waive, the learned and just court was clearly right. The conduct of the judge of the lower court was open, manly and most honorable.

*Affirmed.*