BRIAN E. McDONOUGH, Petitioner, *vs.* FRED A. BLOSSOM.

Cumberland.    Opinion May 10, 1912.

*Exceptions.    Laches.    Jurors.    Judgment.    Dismissal.    Review.*
*Revised Statutes, chapter 91, section 1, paragraph VII.*

A petitioner's right to writ of review is not defeated on the ground of laches in failing to procure signature and allowance of a bill of exceptions before the trial judge died, where he had five days left within which to present the bill under an allowance of time.

In actions brought on notes and defended on the ground of forgery by a third person, jurors who had tried a similar action, wherein identical facts were involved, were disqualified; and it was improper to refuse defendant a continuance on the ground of such disqualification, especially since defendant intended to call as a witness one who had been taken in custody in the presence of the jurors in the other action on a charge of perjury.

A judgment of the Law Court, dismissing exceptions brought from the Superior Court for want of prosecution, not being on the merits, cannot be urged as res adjudicata.

A petitioner being prevented without his own fault from taking cases from the Superior to the Law Court on exceptions, through the death of the Judge of the Superior Court before exceptions were allowed, is entitled to present them by petition for review.

To entitle one to a writ of review, he must show that justice has not been done; that the consequent injustice was through fraud, accident, mistake or misfortune, and that a further hearing will be just and equitable.

Where one asks for review of two actions, he should present a petition in each action; but, where the same facts apply to both cases, a single petition may be discontinued as to one of the causes, without prejudice, and a writ of review issued in the other.

On report.  Writ of review to issue.

Petition for writs of review in two actions at law brought in the Superior Court, Cumberland County, and tried in that court at the November term, 1910.  At the conclusion of the evidence the case was reported to the Law Court for determination.

The case is stated in the opinion.

*Michael T. O'Brien and Carroll W. Morrill,* for plaintiff.

*M. P. & H. P. Frank,* for defendant.

SITTING: WHITEHOUSE, C. J., CORNISH, KING, BIRD, HALEY, HANSON, JJ.

HALEY, J.  The petitioner asks for writs of review for two actions at law tried in the Superior Court for Cumberland County at the November term, 1910.  The petition is based upon par. VII, sec. I, chap. 91, R. S.  In the original actions the petitioner was defendant.  The actions were upon two promissory notes.  The defense was forgery.  The defendant claims that one James Dunn forged many notes, among which were the two in suit in the above actions.  Dunn has disappeared.

The case tried in the Superior Court immediately preceding the case against the petitioner was upon a note claimed to have been signed by one James Rowe, and claimed by said Rowe to have been forged by the said Dunn.  The verdict was for the plaintiff.  Immediately upon receiving the verdict the Justice holding the court, in the presence of the jury, ordered the defendant Rowe into custody

for perjury. Rowe was taken from the court room by an officer, and in a few minutes, by order of the Justice, was returned into court, and, in the presence of the jury, was placed under $2000 bonds to appear at the next term of the court to answer to the charge of perjury. The grand jury returned no bill against Rowe, which ended the criminal charge against him, but did return several indictments against Dunn for forgery, one of which was for forging the note which Rowe had testified was forged and for giving which testimony Rowe was arrested for perjury.

Immediately after Rowe had recognized as above, the trial of the cases against the petitioner was begun. The defense being the same, the counsel for the petitioner requested a continuance upon the ground that the jury having in the preceding case passed upon the same question, and that the defendant intended to call as a witness said James Rowe and the arrest of him by order of the court had prejudiced the jury against his testimony, they were disqualified. The motion was denied by the presiding Justice, who allowed an exception to his ruling, and a jury was impanelled, seven of whom had sat in the preceding case. The verdict was for the plaintiff in each case, and a motion for a new trial was made upon the ground that the verdict was against the law and the evidence. The time for filing the report of evidence and exceptions was extended to the February term, 1911, and the case marked "Law." At the February term, the time for filing the report of evidence and exceptions was again extended to the last day of the February term. On the nineteenth day of February, 1911, the Judge of the Superior Court died, and the exceptions had not been signed by him. The case was entered at the June term of the Law Court, and motion and exceptions were overruled for want of prosecution.

The petitioner claims a review because the Judge of the Superior Court died before the expiration of the time allowed the petitioner to file his exceptions, and that there was no way to have the exceptions allowed, that the Law Court might pass upon them, because of the death of the presiding Justice. The respondent claims there was laches on the part of the petitioner that bars him from being heard upon this petition; that there was ample time allowed for the filing of the exceptions; and that the petitioner should have had them signed and allowed in the lifetime of the Justice of the Superior Court.

The record shows that the petitioner's right to file his exceptions was extended to the last day of the February term, and further shows that the February term adjourned on February 24th.

We cannot hold the petitioner guilty of laches in not presenting his exceptions to the Judge for his approval before the nineteenth day of February, the day of the death of the Judge, because he had several days after the nineteenth day of February in which to present them. All that the law required was that the exceptions should have been presented within the time allowed. No one, in preparing exceptions, would take into consideration the fact that the Judge might die before the time fixed for filing the exceptions. The petitioner had until the last day of the February term in which to file his exceptions. Several days before the close of that term the Judge died, and they could not be allowed after his death. To hold that it was laches on the part of the petitioner not to have filed them before the death of the Justice would be, in substance, to hold that an act of God would make the petitioner guilty of laches.

In Moulton, Petr., 50 N. H., 532, the court allowed an appeal by the administrator, when the party entitled to it had died just before the sixty days allowed for claiming it, saying:

"It was no neglect for him to wait, even if he had waited until the last day of the sixty days before claiming an appeal. The statute giving him that right, the appeal would have been well enough if he had lived; but his death, under the circumstances of the case, was a misfortune which defeated it."

No authority has been cited, and we venture the assertion that none can be cited, upholding the ruling of the Justice that the petitioner should proceed to trial at the time he was compelled to do so. The jury were disqualified by their verdict in the preceding case. The arrest of Rowe, who was a witness in the case of the petitioner, by order of the presiding Justice, in the presence of the jury, when the evidence was the same as in his case, and his being placed under bonds in the sum of $2000 upon the charge against him, could but further prejudice the petitioner's case, and was a palpable error.

*Garthwrite, Grinnin & Co.* v. *Tatum*, 21 Ark., 336, was an action upon a note executed at the same time of another note upon the validity of which the jury had passed. The issues were the same. The plaintiff objected to the jury as disqualified. The court over-

ruled the objection, and the case was taken to the higher court. Fairchilds, J., in delivering the opinion said:

"By their verdict in the other case the jurors had formed and expressed their opinion upon this case, and the fact that it was done on oath after hearing all the facts and after full deliberation thereof, amid the solemnities and under the direction of judicial proceedings, could have no other effect than to incline them to render such verdict as they had rendered before. The law presumes them to have been under a disqualifying bias."

The same doctrine is laid down in *Burke* v. *State,* 66 Ga., 157; *Bragdon* v. *State,* 75 Miss., 904; *State* v. *O'Connor,* 105 Mo., 121; *Golden* v. *State,* 75 Miss., 130; *Railway Co.* v. *Smith,* 60 Ark., 221; *Weeks* v. *Lyndon,* 54 Vt., 638.

There are cases which hold that the discretion of the court in refusing or granting a continuance is not subject to exception, but the great preponderance of the cases are to the contrary, where there has been a clear abuse of the discretion to the prejudice of the moving party. As stated in *Schwartz* v. *Drinkwater,* 70 Maine, 409, which was a case in which exception was taken to the refusal of the court to continue the action: "Therefore, whether the motion should be granted or not was for the Judge to determine as a matter of discretion. His ruling, unless palpable error was committed, cannot be reviewed here." Also see cases cited in note to *Stevenson* v. *Sherwood,* 74 Am. Dec., 140. The petitioner attempted to reserve for the Law Court the question of whether there was a clear abuse of the court's discretion in denying the petitioner's motion for a continuance. He was prevented from doing so by the death of the Judge and the Law Court, when it overruled the exceptions for want of prosecution, did not pass upon the merits, or give judgment upon the merits, as there was not before the court any bill of exceptions, and its order dismissing the exceptions cannot be successfully urged as res adjudicata of the question presented by the petition in this case.

There being no way that the petitioner could take his cases to the Law Court upon exceptions, it was his misfortune, not caused by his own act, and it is proper to present them by a petition for review. As said by the court in *Reynard* v. *Brecknell,* 4 Pick., 302, "If a party should be seriously injured by any determination of a court of common pleas on matters clearly within its discretion, such

as the postponement or continuance of an action, we know of no remedy but by a petition for a writ of review. According to the general statute giving this power to sustain such petitions on the hearing of which, if it be made to appear that injustice has been done to the party by his being hurried to trial unprepared, a review will be granted.

The same doctrine was approved in *Todd* v. *Barton,* 117 Mass., 291, and in *Converse* v. *Carter,* 8 Allen, 568, the last case holding that a petition for review was a proper remedy, but denying the petition, the statute of Massachusetts granting reviews being similar to the statute in Maine.

To entitle the petitioner to a review he must prove to the satisfaction of the court:

1.   That justice has not been done.

2.   That the consequent injustice was through fraud, accident, mistake or misfortune.

3.   That a further hearing will be just and equitable.

*Donnell* v. *Hodsdon,* 102 Maine, 420.

We think that the two first propositions are proved by the compelling of the petitioner to proceed to trial before a jury disqualified by law from sitting in his case.

The question to be determined is, has justice been done by the verdict? It is surely equitable and fair that the petitioner shall have a fair trial before a jury that is unprejudiced, and we think there is sufficient evidence in this case to authorize us to say that, under the peculiar circumstances of the case and trial, justice has not been done, and that it is proper that he have the right to present his case to an unprejudiced jury.

The petitioner asks for a review of two actions. There should have been a petition for a review in each action, but as the same facts apply to both cases, the petitioner may discontinue as to one of the cases without prejudice and a writ of review issue in the other.

*Writ of review to issue.*