## JOHNSON v. STATE.*

(Division B.  Nov. 2, 1925.  On Suggestion of Error Nov. 16, 1925.)

[105 So. 851.  No. 25066.]

1. CRIMINAL LAW.  *Ordering arrest of witness as he leaves stand prejudicial error.*

    To order sheriff, as material witness for defendant leaves stand, to
    take charge of him and hold him under bond to await action of
    grand jury is prejudicial error.

2. CRIMINAL LAW.  *For judge to charge witness with perjury pro-
hibited comment on testimony.*

    For judge, in presence of jury, to charge witness with perjury in
    the case is violation of Code 1906, section 793 (Hemingway's
    Code, section 577), prohibiting him from commenting on the tes-
    timony.

---

*Headnotes 1.  Criminal Law, 16 C. J., Section 2109; 2 Criminal
Law, 16 C. J., Section 2105.

APPEAL from circuit court of Adams county.

HON. R. L. CORBAN, Judge.

Julius Johnson was convicted of the unlawful sale of liquor, and he appeals. Reversed and remanded.

*Engle & Laub,* for appellant.

The court erred in directing the sheriff in the presence of the jury to arrest the witness, Sam Buchanan, and hold him under bond to await the action of the grand jury, and when this prejudicial fact was called to the attention of the court, the court further erred in refusing to discharge the jury and enter a mistrial. Because the testimony of the witness, Buchanan, contradicted the testimony of two others as to where appellant was at the time charged by the state, the learned judge *a quo* had our witness arrested in the presence of the jury.

This conduct on the part of the learned trial judge was tantamount to an instruction to the jury that our witness was a perjurer and had wilfully lied. It amounted to a comment in the presence of the jury on the credibility of our witness, and on the weight to be given his testimony.

In *Robinson* v. *State,* 87 So. 61, the judge simply warned a witness to answer such questions only as were asked, and the supreme court of Florida reversed the conviction because such a remark by the court was equivalent to a questioning of the credibility of the witness.

In *Broadway* v. *State,* 96 So. 649, the supreme court of Alabama reversed a conviction for a remark of the trial judge to the attorney to the effect that: "I put it that it was the theory of the state that it was a still" holding this an invasion of the province of the jury.

In *Leverett* v. *State,* 73 So. 273, 112 Miss. 394, the supreme court of Mississippi reversed a conviction because the manner of questioning jurors in a homicide case indicated a disparagement of a certain defense.

If the trial judge was so absolutely convinced that appellant was where the two witnesses for the state said he was, and convinced to such a degree that he would order under arrest any witness disputing the two worthies who testified for the state, then indeed was it time for counsel defending to halt in offering witnesses on the stand only to have them slaughtered by a peremptory decree of the trial jurge, and subjected to prosecution for the higher crime of perjury.

In any Key numbered Digest, under the title "Criminal Law Key No. 654 and No. 656," numerous cases can be, found holding that the trial court should do nothing or say nothing which might be construed by the jury as bearing on the weight of evidence or the credibility of a witness, or as indicating to the jury the court's frame of mind. Few, if any, actions by a trial court can be found more prejudicial to a defendant on trial for his liberty than is disclosed in this case.

*J. L. Byrd,* Assistant Attorney-General, for the state.

During the trial of the case the defendant offered a witness whom the circuit court ordered held for the grand jury, which order was made in the presence of the jury, but nothing was said or done that would indicate that the judge ordered him held for perjury, and no hint was given to the jury as to why he was being held. We respectfully submit, therefore, that this action of the court was not prejudicial and does not constitute error.

*E. O. Sykes,* for appellant, on suggestion of error.

It is respectfully submitted that the court erred in affirming the judgment of the circuit court in this case. The action and conduct of the circuit judge necessarily violated three fundamental rules of jury trials: (1) It denied to this appellant his Constitutional right to a fair and impartial trial by jury; (2) The judge invaded

the province of the jury and instructed the jury on the weight of the evidence. (3) The judge invaded the province of the jury and instructed the jury on the credibility of a witness.

This was the ordinary criminal case with the ordinary *alibi* defense. There is nothing whatever unusual, impertinent or improper in the testimony of Sam Buchanan, who testified to the *alibi* for the defendant. There is nothing in this testimony from which a circuit judge could infer that justice was in any wise being insulted, or that palpable perjury was being committed.

Since this is true, we submit to the court that the circuit judge was not justified and had no right to order the sheriff immediately upon the conclusion of the cross-examination of this witness, in the presence of the jury, to arrest him.

It is, of course, fundamental that the jury is the sole judge of the weight of the evidence, and, further, that the jury is the sole judge of the credibility of the witnesses. Yet the court by its action, in the presence of the jury, in effect held that this witness was lying, that he was a palpable perjurer, that his testimony was entitled to no weight, that he was not a creditable witness, but a perjurer. By this conduct the circuit judge in the most forcible way possible invaded the province of the jury, passed on the weight of the evidence and the credibility of the witness.

It cannot be said that this is not the effect of his ruling because he did not state in the presence of the jury why he was having this man arrested; because a jury is composed of twelve men of common sense. They saw this witness permitted to take the stand by the court, unmolested in any way. They heard his testimony without any objection whatever from the state, and immediately thereafter heard the judge order the sheriff to arrest him. He had done nothing except testify and the inevitable conclusion, of course, is that he was being arrested because of his testimony, and the only possible reason why he

could be arrested because of this testimony was that the judge believed he was lying and was committing him for perjury.

I can scarcely conceive of a more forcible invasion of the province of the jury; or of a more flagrant violation by a court of the right to a fair and impartial trial by a jury. *Sivley* v. *Sivley,* 96 Miss. 137.

In the above case there was a very mild comment on the weight of the evidence in comparison with the dynamite exploded by the circuit judge here.

ON SUGGESTION OF ERROR.

ANDERSON, J., delivered the opinion of the court.

With some doubt and hesitation on the part of this court the judgment in this case was affirmed at a former day of the present term. Upon a reconsideration of the case, on suggestion of error, we are now convinced that the judgment should have been reversed instead of affirmed.

The appellant was convicted in the circuit court of Adams county of the crime of the unlawful sale of intoxicating liquors, fined one hundred dollars, and sentenced to ninety days' imprisonment, from which judgment he prosecutes this appeal.

We find no merit in any of the errors assigned by appellant except the one based on the action of the trial court in ordering the sheriff, in the presence of the jury before whom appellant was being tried, to arrest one of appellant's witnesses as he was leaving the witness stand and hold him to await the action of the grand jury. The last witness was a material witness in appellant's behalf. At the conclusion of the testimony of this witness, after he had been excused and was retiring from the witness stand, the trial court used this language: "Mr. Sheriff, take charge of this man and hold him under bond to await the action of the next grand jury." This action of the court was objected to by appellant on the

ground that it had taken place in the presence of the jury and was calculated to prejudice appellant's rights. Appellant asked that the jury be discharged and "a mistrial be entered." The trial judge overruled appellant's objection and request, and stated that he did not consider that his action in ordering the witness to be held to await the action of the grand jury was prejudicial to appellant's rights, because he had not stated in the presence of the jury the ground upon which he ordered the witness held.

As we view it now, it appears that no other construction could have reasonably been put upon the language of the trial judge objected to by appellant than that the judge was convinced that the witness Buchanan, in his testimony in behalf of appellant, had perjured himself. The jury must have thought, and had a good reason to think, that the witness had committed a crime of some character in the presence of the court and jury; otherwise that his arrest would not have been then and there ordered. The jury must be given credit for having good common sense and judgment. We can hardly conceive of how a witness could be more thoroughly discredited than by the action of the trial judge in ordering his arrest as he is leaving the witness stand, whether his arrest be upon the ground that he had committed perjury on the witness stand or has been guilty of some crime elsewhere.

In *Fuller* v. *State,* 85 Miss. 199, 37 So. 749, the court said, in the presence of the jury, in denying the defendant a continuance, that there had been much complaint about the failure of the courts to convict "these criminals," and the court feared that it was largely due to continuances. This was held to be prejudicial error. The trial judge cannot be too careful and guarded in his language and conduct in the presence of the jury. The trial judges have, and deserve to have, great influence with the juries. Juries are on the lookout for their leaning one way or the other. Under the principles an-

nounced in the case above referred to, as well as *Green* v. *State,* 97 Miss. 834, 53 So. 415; *Collins* v. *State,* 99 Miss. 47, 54 So. 665, Ann. Cas. 1913C, 1256, and *Leverett* v. *State,* 112 Miss. 394, 73 So. 273, we are of opinion that the action of the court complained of was prejudicial to appellant's rights.

Furthermore, under section 793, Code of 1906 (577 Hemingway's Code), circuit judges, in both civil and criminal cases, are prohibited from summing up or commenting on the testimony of the witnesses. When the trial judge charges a witness in the presence of the jury before whom the witness has testified of having committed perjury in the giving of his testimony, we think he violates that provision of the statute. Such conduct of the judge can mean nothing else than adverse comment on the testimony of the witness.

*Suggestion of error sustained; and reversed and remanded.*

*Per curiam* affirmed.