185 So.2d 667 (1966)
Arnold ROBERSON
v.
STATE of Mississippi.
No. 43752.
Supreme Court of Mississippi.
April 25, 1966.
*668 Lee B. Agnew, Jackson, Joe B. Hawkins, Raleigh, for appellant.
Joe T. Patterson, Atty. Gen., R. Hugo Newcomb, Sr., Asst. Atty. Gen., Jackson, for appellee.
BRADY, Justice.
The appellant, with another, was indicted, granted a severance, and tried and convicted of attempting to burn an unoccupied dwelling. He was sentenced to two years in the State Penitentiary, and from this conviction and judgment he prosecutes this appeal.
Neither a detailed resume of the facts nor an evaluation of all the several errors assigned is essential to the disposition of this cause. We consider collectively only those errors which are requisite.
Primarily, hearsay testimony obtained by an officer in conducting an investigation is inadmissible. In Shipp v. State, 215 Miss. 541, 551, 61 So.2d 329, 332 (1952), we pointed out:
Certain evidence of the officers wherein they testified to the results of their investigations and as to what other people told them and pointed out to them in the course of their investigations was objected to, but the objections were overruled. This evidence was hearsay and inadmissible.
Also, in Bester v. State, 212 Miss. 641, 645, 55 So.2d 379, 380 (1951), we stated:
Appellant, on this appeal, presents two assignments of error. He contends, first, that the court erred in permitting the sheriff to testify over appellant's objections that his investigation based on information derived from talking to the people showed that the deceased did not have a crowbar at the time of the difficulty or at any time. This testimony of the sheriff was, of course, based on hearsay and was clearly incompetent.
Appellant's objection to Sheriff Ainsworth's testimony regarding the mysterious car without lights which he had learned about from discussions with witnesses, Clark and Sullivan, should have been sustained.
The fundamental question presented in this cause is whether or not error was committed by the trial court when the appellant was called to, but did not, testify in his own behalf.
The record discloses the following controlling facts. The State had made out its case in main and had rested. The State, over appellant's objection, was permitted to amend the indictment to conform to the proof. The appellant, defendant below, after his motion for a directed verdict was correctly overruled, put two witnesses on the stand, and the record then reveals the following:
The defendant, ARNOLD ROBERSON, having been previously sworn, is called to the stand at this time.

Mr. Agnew: We call the defendant.

The Court: You call the defendant now after he has been sitting here in the courtroom?

Mr. Weathersby: Of course, we object to him certainly. He has sat here and heard his own witnesses testify, and we object to him testifying.

Mr. Agnew: Well, that's all right.
The defendant stands aside.
The record further discloses that in appellant's motion for a new trial the fifth ground in support thereof provides:
That the defendant respectfully submits the Court erred in refusing to allowing (sic) the defendant to testify in his own behalf as shown by the record.
*669 The trial court overruled the motion for a new trial, but did not take issue or comment on its refusing to let the defendant testify in his own behalf.
The record indicates that efforts were made by counsel representing the appellant to see the transcript of the record before it was sent to the Supreme Court, but these efforts failed. Subsequent to the filing of the appeal in the Supreme Court, appellant's attorneys secured and examined a copy of the court reporter's transcript of the trial. After reading the transcript, a motion was duly filed by appellant's attorneys in the Supreme Court alleging that the circuit court clerk had refused to let them see the record, and that the record is incorrect in that it fails to show that the trial judge sustained the State's objection to the appellant's testifying in his own behalf. Appellant's attorneys asserted that the trial court in substance said, after the district attorney had objected to the defendant's testifying, "(Y)es, I'm not going to let him testify now."
The circuit clerk, by affidavit, denied that he had refused to let the attorneys see the transcript, and asserted that the defendant's attorneys had simply failed to take it out for examination.
A hearing, irascible and voluble, was held on appellant's motion to correct the record. The circuit clerk testified as to what transpired with reference to appellant's attorneys and secretary trying to obtain a copy of the record, exonerating himself, but the secretary of one of appellant's attorneys was not permitted to testify as to the circuit clerk's refusal to release the record.
The able judge overruled the motion to correct the transcript, holding that there was no correction to be made, and we accept the decision of the circuit judge. Miss. Code Ann. § 1641 (1956). The trial judge explained however, that he made the following statement more in a jocular way than anything else: "`Are you going to let him testify after having sat here all day and learned what to say?' I just made that statement in a jocular, humorous way;" that when appellant's attorney said, "that's all right. * * * You didn't give the court a change to rule on it. * * *" The court further asserted that appellant's attorney acquiesced in the appellant's not testifying. We note, however, that the words "that's all right" could mean the defendant had a right to sit and hear all witnesses and then testify. On the other hand, we can easily understand how the learned judge could have concluded that appellant's attorney had abandoned his plan to have the appellant testify in his own behalf.
A careful survey of the record and the briefs of counsel convinces us that the appellant has been denied his constitutional and statutory rights. In Bell v. State, 66 Miss. 192, 194, 5 So. 389 (1888), we stated:
The court should not have required the accused, as a condition upon which he would be permitted to testify at all, to take the stand before examining other witnesses whom he desired to introduce. One charged with a felony has a right to be present in court during the whole of the trial, and unless he voluntarily absents himself from the court the trial may not proceed in his absence. The right to be present during the examination of his other witnesses, and the right to testify in his own behalf, are both secured, and equally secured, to the accused by law, and neither may be denied or abridged by the court.
While the circuit judge did not sustain the district attorney's objection, the result was the same because the defendant did not take the stand and testify in his own behalf after the court stated: "You call the defendant now after he has been sitting here in the courtroom?"
It is to be noted that after these words were spoken the district attorney objected to the defendant's testifying because he had sat "here and heard his own witnesses testify." In passing, appellant asked for no special bill of exceptions and did not move for a mistrial.
*670 We fail to find any levity either in the court's statement or the district attorney's objection. All of this transpired in the presence of the jury, and not one word of explanation was given to the jury.
Jocularity and humor, by a court, should not be indulged in when a man's liberty is at stake. The officers of a court, and especially the judge, district attorney and sheriff, because of the attributes of the offices they hold, unconsciously exert tremendous influence in the trial of a case, and they should be astutely careful so that unintentionally the jurors are not improperly influenced by their words and actions. Rogers v. State, 243 Miss. 219, 136 So.2d 331 (1962). We cannot say with assurance that the jury was not influenced by the incompetent testimony of the sheriff and inadvertent statements of the court.
Moreover, it is the inexorable duty of every court entrusted with the trial of a man charged with a misdemeanor or felony to see that he obtains a fair and impartial trial. In Hill v. State, 72 Miss. 527, 534, 17 So. 375, 377 (1895), we stated: "The fair way is the safe way, and the safe way is the best way in every criminal prosecution." This wise rule has application in all criminal cases.
In Hampton v. State, 88 Miss. 257, 259, 40 So. 545, 546 (1906), the Court, speaking through Judge Calhoon, at the conclusion of the opinion said as follows:
All must be tried on facts, and not on abuse. Only impartial trials can pass the Red Sea of this court without drowning. Trials are to vindicate innocence or ascertain guilt, and are not to be vehicles for denunciation.
In Floyd v. State, 166 Miss. 15, 39, 148 So. 226, 232 (1933), we stated:
It is a matter of duty to secure a fair trial, and the securing of justice is the object of courts. This object can be best obtained by using reason and fairness, because, under the State Constitution, every person is entitled to a fair and impartial trial in the courts.
In Baker v. United States, 156 F.2d 386, 388 (5th Cir.1946), it is said:
* * * [I]t is of the essence of a fair trial that the judge conduct it with complete disinterestedness, and that if he fails to do so, the judgment will be reversed.
In Fisher v. State, 145 Miss. 116, 133-134, 110 So. 361, 365 (1926), we said:
Perhaps no precise definition can be given it (a fair trial), but it certainly must be one where the accused's legal rights are safeguarded and respected. There must not only be a fair and impartial jury and a learned and upright judge to instruct the jury and pass upon the legal questions, but there ought to be an atmosphere of calm, in which the witnesses can deliver their testimony without fear and intimidation, and in which the attorneys can assert the defendant's rights freely and fully, and in which the truth may be received and given credence without fear of violence.
See also Seals v. State, 208 Miss. 236, 237, 44 So.2d 61 (1950); Brooks v. State, 209 Miss. 150, 46 So.2d 94 (1950).
The appellant, upon being directed by his attorney to take the stand and upon the district attorney's objection thereto, should have been advised promptly and unequivocally by the trial judge that he was not required to take the stand, but that he had his inseparable right to testify in his own behalf if he so desired, and he should have been authorized to do so. No other comment was in order.
For these reasons the judgment of the circuit court is reversed and the case is remanded for a new trial, which should have been granted.
Reversed and remanded.
ETHRIDGE, C.J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.