310 So.2d 900 (1975)
Cleveland STALLWORTH
v.
STATE of Mississippi.
No. 48419.
Supreme Court of Mississippi.
April 7, 1975.
Ransom P. Jones, III, Pascagoula, for appellant.
A.F. Summer, Atty. Gen., by Catherine Walker, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before GILLESPIE, ROBERTSON and SUGG, JJ.
ROBERTSON, Justice.
A joint indictment was returned by the Grand Jury of the Circuit Court of George County against Cleveland Stallworth, Curtis Bright, Clarence Fagan, and Percy Ray Miller, for the crime of armed robbery. A severance was granted all defendants. Bright and Miller pleaded guilty and are serving their sentences in the Mississippi State Penitentiary. Fagan has not been tried and is out on $5,000 bond. Stallworth was found guilty of armed robbery and was sentenced to serve a term of 12 years in the state penitentiary. He appeals from his conviction and sentence.
Around 2:00 p.m. on May 28, 1973, Fagan and Miller approached Mrs. Touchard as she was counting money at the counter of Touchard's Grocery Store south of Lucedale, Mississippi, on State highway 63. Miller pointed a pistol at Mrs. Touchard and Fagan robbed the cash register. Fagan asked Mrs. Touchard if she had any *901 more money and she indicated a cigar box. They took the cigar box and ran out of the store.
The testimony is conflicting as to whether the blue and white van, in which all four parties were traveling, was stopped in front of the store or whether it was moving slowly down the highway when Fagan and Miller ran out of the store and got back in the van. All four parties testified that Bright was driving and Stallworth was sitting on the passenger side of the front seat.
As it was being driven south on highway 63 after the robbery, the van was stopped by sheriff's deputies of George County. Fagan and Miller were in the back of the van lying down, and the money was recovered from various hiding places in the back of the van. The snub-nosed pistol was found underneath the front seat where Stallworth was sitting and Stallworth admitted that it was his pistol.
Stallworth testified that they had gone to Lucedale to sell household appliances for the House of Sound, the defendant's employer and the owner of the van in which they were riding; that while he and Bright were attempting to find the home of Cornell Wilson, who lived near Touchard's Grocery Store, Fagan and Miller went in the grocery store to get something to eat, and that he, Stallworth, knew nothing about the robbery until the van was stopped by law officers south of Lucedale. Bright and Miller corroborated the defendant.
Clarence Fagan, who was the State's principal witness, testified that Stallworth, along with the others, knew that Fagan and Miller intended to rob Touchard's Grocery Store, and that the plan was for Bright and Stallworth to remain in the van and to pick up Fagan and Miller after the robbery.
Miller's testimony at the trial differed in material respects from a statement that he had given the sheriff soon after the robbery. The State attempted to impeach Miller by introducing this statement, but the court sustained defense counsel's objection on the ground that Miller had testified that the words of the statement were those of the sheriff and not his words. After the cross-examination had been completed, the following took place:
"BY THE WITNESS: May I say something?
"BY THE COURT: No, you better go on down with your lawyer. You are not on trial here; but, if I catch you telling an untruth here, you will be in front of me here.

"BY MR. JONES: Your Honor, if it please the Court, I would like to have the jury excused.
"BY THE COURT: All right.
(Jury was thereupon excused from the courtroom.)
"BY MR. JONES: If it please the Court, I would like for the court reporter to read back the comment that your Honor just made.
(Comment was thereupon read back by the court reporter.)
"BY MR. JONES: Your Honor, if it please the Court, I will move for a mistrial on the grounds that the Court has commented on the evidence in this case and that is prohibited by statute.
"BY THE COURT: The motion for a mistrial will be overruled. It's the prerogative of the Court to 
"BY MR. JONES: I would like for the record to show that the comment made by the Court was in the presence of the jury.
"BY THE COURT: Well, let the record so show that. The Court feels that it's his duty to admonish witnesses in certain instances as to the necessity of *902 telling the truth. This witness, Miller, had changed his plea from that of not guilty to that of guilty at which time he was placed under oath by the Court and asked certain questions. Obviously, the testimony or some part thereof today is not the same when he was under oath today as it was when he was under oath when he changed his plea from that of not guilty to that of guilty thereby causing the Court to admonish the witness as to the necessity of telling the truth. The motion for the new [sic] trial will be overruled." (Emphasis added).
The principal error assigned is that the trial court committed reversible error in commenting on the evidence given by defendant's witness, Miller. We are of the opinion that there is merit in this assignment of error and that the court's remarks were a comment on the evidence and constituted fatal error.
The testimony of State's witness Fagan, a co-indictee, was in conflict with the testimony of Bright, Miller and Stallworth. The only direct testimony that Stallworth knew beforehand about the robbery was that of Fagan. Of course, there was circumstantial evidence that tended to support Fagan's testimony that the defendant was in on the robbery, but the testimony of Bright, Miller and the defendant was that the defendant did not know beforehand that Fagan and Miller would rob Touchard's Grocery Store. Where the testimony is in irreconcilable conflict, any comment by the trial judge casting doubt on the veracity of a defense witness takes on added significance.
In Roberson v. State, 185 So.2d 667 (Miss. 1966), this Court said:
"The officers of a court, and especially the judge, district attorney and sheriff, because of the attributes of the offices they hold, unconsciously exert tremendous influence in the trial of a case, and they should be astutely careful so that unintentionally the jurors are not improperly influenced by their words and actions." 185 So.2d at 670.
In Johnson v. State, 141 Miss. 49, 105 So. 851 (1925), this Court held to be reversible error the action of the trial judge in ordering the sheriff to hold a material witness for the defense to await the action of the grand jury, which action was taken in the presence of the jury as the witness was leaving the stand. This Court concluded that the only interpretation that the jury could give to the judge's action was that the witness had perjured himself.
In both Roberson and Johnson, this Court was applying the following language from Mississippi Code Annotated Section 99-17-35 (1972):

"The judge in any criminal cause, shall not sum up or comment on the testimony, or charge the jury as to the weight of evidence; ..." (Emphasis added).
We are of the opinion that the language of the trial judge in the case at bar was a comment on the testimony of Miller, and indicated to the jury the weight that they should give to this evidence. This was specifically prohibited by the statute. The judgment is reversed and this cause remanded for a new trial.
Reversed and remanded.
RODGERS, P.J., and PATTERSON, INZER, SMITH, WALKER and BROOM, JJ., concur.