412 S.E.2d 501

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Roger FERRELL, Defendant Below, Appellant.**

**No. 20002.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 17, 1991.

Decided Dec. 12, 1991.

---

Joanna I. Tabit, Deputy Atty. Gen., Charleston, for plaintiff below, appellee.

George A. Stolze, Huntington, for defendant below, appellant.

## PER CURIAM:

The defendant in this case was convicted by a jury in the Circuit Court of Cabell County of driving under the influence of alcohol in violation of *W. Va. Code*, 17C-5-2. On appeal, among other things, he claims that the trial court prejudiced his case by improperly examining one of his witnesses and by ordering the arrest of that witness in the presence of the jury. After reviewing the record and the questions presented, this Court agrees and reverses the defendant's conviction.

This case grows out of a sequence of events that occurred during the early morning hours of February 9, 1990. The sequence began when Officer J.T. Combs of the Huntington Police Department spotted a black Cadillac speeding down Twentieth Street in Huntington, West Virginia. Officer Combs gave chase and pursued the vehicle through a number of streets until it pulled into a parking space off of Primrose Avenue. After the Cadillac stopped, Officer Combs observed the defendant stumble from the back seat of the vehicle and head toward the home of Scott Martin, a seventeen-year-old paraplegic who was a passenger in the car.

Officer Combs approached the defendant and detected the odor of alcohol. Officer Combs then asked the defendant to take a field sobriety test. The defendant, who was uncooperative, was unable to perform the one-leg stand sobriety test and was unable to complete the next test. The defendant consequently was taken to police headquarters, where he twice refused to take a breathalyzer test.

The defendant was subsequently charged with driving under the influence of alcohol and found guilty after trial in the Cabell County Magistrate Court. Following his conviction, he demanded a trial *de novo* in the circuit court, as allowed by *W. Va. Code*, 50-5-13.

A trial *de novo* was conducted on May 2, 1990. At the conclusion of that trial, the

defendant was found guilty by a jury. The circuit judge sentenced him to forty hours in the Cabell County Jail and fined him $500. He was additionally placed on probation for six months and directed to work for the county, picking up roadside trash, to pay off his $500 fine.

In the present appeal, the defendant, among other things, complains that the trial judge improperly questioned his principal witness and prejudiced his case when he placed the witness under arrest in the presence of the jury.

During trial, after Officer J.T. Combs had testified for the State as to the events of February 9, 1990, the defendant called as his principal witness Larry Farley, who testified that he, Farley, and not the defendant, was actually driving the Cadillac at the time of the chase on February 9, 1990. Mr. Farley explained that after the Cadillac stopped, he exited the vehicle and stepped to the side and allowed Officer Combs to arrest the defendant.

After Mr. Farley testified that he had been the driver of the Cadillac, the trial court, over the objection of defense counsel, proceeded to interrogate him, in the presence of the jury, to determine whether he had been granted immunity from prosecution in conjunction with his testimony.[1] When he indicated that he had not, the court asked him if he understood that his testimony constituted an admission to obstructing an officer in violation of *W.Va. Code*, 61–5–17. Mr. Farley indicated that he understood he had committed a crime, and thereupon the court, again in the presence of the jury, placed Mr. Farley under arrest and instructed the prosecuting attorney to prepare an information charging him with obstructing an officer.

■ On appeal, the defendant claims that the court's actions toward Mr. Farley in front of the jury prejudiced the jury against him and constituted an improper judicial intrusion into the proceedings.

■ This Court has consistently indicated that a trial judge, while having considerable latitude in the conduct of a trial, should not intimate his opinion, by word or conduct, as to the evidence bearing on any issue in a criminal trial, including the credibility of witnesses. The rule, as stated in syllabus point 8 of *State v. Massey*, 178 W.Va. 427, 359 S.E.2d 865 (1987), states:

"A trial judge in a criminal case has a right to control the orderly process of a trial and may intervene into the trial process for such purpose, so long as such intervention does not operate to prejudice the defendant's case. With regard to evidence bearing on any material issue, including the credibility of witnesses, the trial judge should not intimate any opinion, as these matters are within the exclusive province of the jury." Syllabus Point 4, *State v. Burton*, 163 W.Va. 40, 254 S.E.2d 129 (1979).

*See also, State v. Holmes*, 177 W.Va. 236, 351 S.E.2d 422 (1986), and *State v. Wotring*, 167 W.Va. 104, 279 S.E.2d 182 (1981).

In *Nash v. Fidelity–Phoenix Fire Insurance Company*, 106 W.Va. 672, 146 S.E. 726 (1929), the Court indicated that while a judge may ask questions for the purpose of clearing up points that seem obscure, and supplying omissions which the interest of justice demands, it is not proper for him to conduct an extended examination of any witness. Similarly, in *Ellison v. Wood & Bush Company*, 153 W.Va. 506, 170 S.E.2d 321 (1969), the Court pointed out that it is not within the proper realm of a trial judge to express verbally, or by conduct, an opinion on questions of fact, or to indicate in any manner to the jury his views on the credibility of witnesses or the weight of the evidence.

---

1. The record suggests that the trial judge was somewhat irritated with the defense at this point. When defense counsel objected, the following transpired:

MR. STOLZE [Defense Counsel]: I'm going to object, Your Honor. We certainly disagree with the Court's interpretation of the law. Mr. Farley may have—

THE COURT: Would you be seated?
MR. STOLZE: —plead, Your Honor. May I finish stating my objection, Your Honor?
THE COURT: Would you be seated?
Then, without allowing defense counsel to state his objection, the trial judge proceeded to question witness Farley.

Likewise, in *State v. McGee,* 160 W.Va. 1, 6, 230 S.E.2d 832, 835–36 (1976), the Court stated:

The trial judge in a criminal trial must consistently be aware that he occupies a unique position in the minds of the jurors and is capable, because of his position, of unduly influencing jurors in the discharge of their duty as triers of the facts. This Court has consistently required trial judges not to intimate an opinion on any fact in issue in any manner. In criminal cases, we have frequently held that conduct of the trial judge which indicates his opinion on any material matter will result in a guilty verdict being set aside and a new trial awarded. *See State v. Pietranton,* 137 W.Va. 477, 72 S.E.2d 617 (1952); *State v. Summers,* 118 W.Va. 118, 188 S.E. 873 (1936); *State v. Shelton,* 116 W.Va. 75, 178 S.E. 633 (1935); *State v. Austin,* 93 W.Va. 704, 117 S.E. 607 (1923); *State v. Staley,* 45 W.Va. 792, 32 S.E. 198 (1899); and *State v. Hurst,* 11 W.Va. 54 (1877).

In the present case, there was contradictory evidence before the jury on the question of who was driving the Cadillac on February 9, 1990. Officer Combs suggested that the defendant was driving it. The defendant's witness, Larry Farley, testified that he, Larry Farley, and not the defendant, was driving the vehicle. Obviously, the question of whether the defendant or Mr. Farley was driving was critical to the issue of whether the defendant was innocent or guilty. In view of the nature of the evidence, the central question posed to the jury was the credibility of the defendant's witness, Larry Farley.

Larry Farley's testimony was clear. He said that he was driving the Cadillac at the time in question. This Court, after examining the record, cannot see how the trial judge's questioning of witness Farley could have clarified his testimony further or was necessary for the orderly conduct of the trial.

On the other hand, this Court sees substantial prejudicial potential in the trial judge's conduct. This Court believes that by his questioning of the witness, the trial judge focused on the credibility of the witness and potentially inferred to the jury that he found the witness' testimony suspect. By placing him under arrest in the presence of the jury, the trial judge branded the witness a criminal in the eyes of the jury.

Although judicial officers have a duty to uphold the integrity of the laws, and although they have a duty to insure that criminals are treated in accordance with the law, this Court cannot see how the situation presented in the present case required the trial judge to question and to place the defendant's principal witness under arrest in the presence of the jury. At the very least, the trial judge could have excused the jury and proceeded out of its presence.

Given the rule set forth in syllabus point 8 of *State v. Massey, supra,* and the facts of this case, this Court believes that the defendant's conviction must be reversed.

For the reasons stated, the judgment of the Circuit Court of Cabell County is reversed, and this case is remanded for a new trial.[2]

Reversed and remanded.

---

**2.** The Court notes that the defendant makes a number of other assignments of error relating to the conduct of the trial. Upon retrial, the circumstances will almost invariably be different, and the Court does not consider it is necessary to discuss those other assignments of error.